Argued March 21, reversed May 30, 1978

# VAN GORDON, *Respondent,*
## *v.*
# OREGON STATE BOARD OF DENTAL
# EXAMINERS et al, *Appellants.*
### (No. A7706-07905, CA 9064)

579 P2d 306

Al J. Laue, Solicitor General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Jan P. Londahl, Assistant Attorney General, Salem.

Barbee B. Lyon, Portland, argued the cause for respondent. With him on the brief was Don H. Marmaduke, Portland.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Defendants appeal from an order of the circuit court which they contend substantially deprives them of their ability to perform their statutory duty with respect to proceedings to determine whether plaintiff's license to practice dentistry should be suspended or revoked.

On May 19, 1977, after several months of investigation, defendant State Board of Dental Examiners (the Board) determined that there was reason to believe that plaintiff's license should be revoked, and sent a Notice of Proposed Revocation of Dental License and an accompanying Accusation to plaintiff. The Notice set a hearing on the charges for June 10, 1977. Plaintiff sought from the Board a postponement of the hearing. The Board denied the request and advised plaintiff that if he insisted on having more time to prepare for the hearing, the Board would suspend his license pending the hearing. On June 3, 1977, plaintiff filed a suit seeking injunctive relief against the Board which would delay the hearing and enjoin the Board from suspending plaintiff's license pending the hearing. On June 7, 1977, the Board granted postponement of the hearing, but suspended plaintiff's license in the interim. On June 9, 1977, the circuit court enjoined the temporary suspension, and ordered a hearing be commenced within 60 days.

Thereafter plaintiff filed an amended and supplemental complaint alleging prejudice on the part of Board members and requesting a permanent injunction against the Board which would prevent it from undertaking a disciplinary hearing with respect to charges against plaintiff. An order to show cause was issued on August 4, 1977, directing defendants to appear on August 12, 1977, for a hearing to determine whether an order would issue enjoining it, "pending a determination of this case, from holding any hearing * * * concerning the proposed revocation of plaintiff's license to practice dentistry."

[ 609 ]

After the hearing, the court found generally in favor of plaintiff, and specifically found "that defendants have pre-judged the merits of the charges against the plaintiff in the license revocation proceeding adversely to the plaintiff; that defendants have had such extensive prior official contact with the case that they are incapable of deciding the merits of the case fairly, impartially and in accordance with the standard of proof required by law." The court concluded that plaintiff was entitled to equitable relief in order to protect his right to due process of law, and therefore ordered that three named senior state judges be appointed to hear and decide the issues involved in the proceeding to determine whether plaintiff's license should be revoked, and that the administrative trial be held before the designated judges at the Multnomah County Courthouse in Portland, Oregon, as soon as reasonably possible.

■ Defendants appeal from that order even though it was not entered after a final hearing on the merits, and even though it does not, in express terms, enjoin defendants from proceeding with its scheduled hearing.[1] They contend, we think correctly, that the effect of the order is to preclude their conducting a hearing in this matter permanently,[2] and therefore is appealable. ORS 19.010(2)(a).

■ ORS ch 679 establishes a State Board of Dental Examiners, and gives the Board broad powers with

[1] The trial court was of the opinion that since its order was not final, it would not be appealable. "I don't know what they are going to appeal because I am not going to grant a restraining order; I am not going to grant an injunction; I am going to assign this to three judges, senior judges, for trial, and they will take the place of the hearing board * * *." ORS 19.010(2)(a) states that an appealable order is one "affecting a substantial right and which in effect determines the action or suit so as to prevent a judgment or decree therein." The court's order divesting the Board of its function as an adjudicative body effectively determined the suit under consideration.

[2] The Board focuses upon the anomoly of issuing a permanent order in a proceeding denominated, in both the order to show cause and the final order, as a hearing on a preliminary injunction. In light of our disposition of the case, we do not address the issue.

[ 610 ]

respect to the licensing of dentists, and the suspension and revocation of licenses. Incident to those powers, the Board is authorized to employ investigators for the investigation and prosecution of alleged violations and enforcement of the Act (ORS 679.250(3)),[3] to initiate and conduct investigations and hearings on all matters relating to the practice of dentistry including the discipline of licensees and to issue subpoenas, etc. ORS 679.250(8).[4] The Administrative Procedures Act (APA) (ORS ch 183) is made applicable to all hearings and judicial review of board determinations. ORS 183.430(2)[5] authorizes an agency, which includes any

---

[3] ORS 679.250(3) provides:

"(3) To employ such inspectors, examiners, special agents, investigators, clerical assistants, assistants and accountants as are necessary *for the investigation and prosecution of alleged violations and the* enforcement of this chapter and for such other purposes as the board may require. Nothing in this chapter shall be construed to prevent assistance being rendered by the executive secretary of the board in any hearing called by it. However, all obligations for salaries and expenses incurred under this chapter shall be paid from the fees accruing to the board under this chapter and not otherwise."

[4] ORS 679.250(8) provides:

"(8) Upon its own motion or upon any complaint, to initiate and conduct investigations of and hearings on all matters relating to the practice of dentistry, the discipline of licensees, or pertaining to the enforcement of any provision of this chapter. In the conduct of investigations or upon the hearing of any matter of which the board may have jurisdiction, the board may take evidence, administer oaths, take the depositions of witnesses, including the person charged, in the manner provided by law in civil cases, and compel their appearance before it in person the same as in civil cases, by subpena issued over the signature of the secretary and the seal of the board and in the name of the people of the State of Oregon, require answers to interrogatories, and compel the production of books, papers, accounts, documents and testimony pertaining to the matter under investigation or to the hearing. In all investigations and hearings, the board and any person affected thereby may have the benefit of counsel, and all hearings shall be held in compliance with ORS chapter 183."

[5] ORS 183.430(2) provides:

"(2) In any case where the agency finds a serious danger to the public health or safety and sets forth specific reasons for such findings, the agency may suspend or refuse to renew a license without hearing, but if the licensee demands a hearing within 90 days after the date of notice to the licensee of such suspension or refusal to renew, then a hearing must be granted to the licensee as soon as practicable after

state board (ORS 183.310(1)), to suspend a license pending a hearing when the agency finds a "serious danger to the public health or safety and sets forth specific reasons for such findings." The amended and supplemental complaint alleges that defendants commenced and personally directed an investigation of plaintiff's dental practice, that they have heard, seen and considered substantially all of the evidence that is to be used against plaintiff, that they employed a lawyer to act as prosecuting attorney and permitted such attorney to participate in their consideration of the case, voted to commence proceedings to revoke plaintiff's license and found that plaintiff's continued dental practice posed "a serious danger to public health" pursuant to ORS 183.430(2). It then alleges:

"By reason of the foregoing, defendants are biased against plaintiff and are not impartial. They have had such extensive prior official contact with the case that they are incapable of fairly and openly considering evidence presented at a hearing on the case. They have pre-judged the merits of the charges against plaintiff and they have adopted procedures and positions, as hereinbefore specified, which necessarily have deprived and, unless enjoined, will deprive plaintiff of due process of law."

In short, plaintiff's claim is that defendants did what the law authorized them to do, and because of defendants' finding that plaintiff's continued practice of dentistry posed "a serious danger to the public health," (in the language of ORS 183.430(2)), and set forth the reasons therefor in its temporary suspension order (as required by that statute), defendants had prejudged the case such that plaintiff could not have a fair and impartial trial by defendants of the issues.

such demand, and the agency shall issue an order pursuant to such hearing as required by ORS 183.310 to 183.500 confirming, altering or revoking its earlier order. Such a hearing need not be held where the order of suspension or refusal to renew is accompanied by or is pursuant to, a citation for violation which is subject to judicial determination in any court of this state, and the order by its terms will terminate in case of final judgment in favor of the licensee."

Plaintiff does not allege that the statutory scheme is unconstitutional, so that issue is not before us. We note, however, that the United States Supreme Court upheld a similar statutory scheme in *Withrow v. Larkin,* 421 US 35, 95 S Ct 1456, 43 L Ed 2d 712 (1975), and that we rejected a presumption of impermissible bias[6] where the same body performs the investigative, prosecutorial and adjudicative phases of a contested case. *Palm Gardens, Inc. v. OLCC,* 15 Or App 20, 514 P2d 888 (1973), *rev den* (1974).[7] Stripped of all embellishments, this proceeding involves only the issue of whether plaintiff is required to pursue and exhaust his administrative remedies under ORS ch 183[8] before the court has authority to act. Plaintiff contends that since ORS 183.480(3)[9] authorizes a suit if "the party will suffer substantial and irreparable harm if interlocutory relief is not granted," the circuit court had jurisdiction to enjoin defendants' suspending plaintiff's license pending the Board hearing, and that once having acquired jurisdiction, a court of equity may grant any and all equitable relief it deems appropriate. We need not, and do not, decide whether defendants' temporary suspension of plaintiff's license was justified under the facts of this case. That question is not before us because that order is not a subject

---

[6] *See Fritz v. OSP,* 30 Or App 1117, 569 P2d 654 (1977).

[7] The trial court opened the show cause hearing with the statements: "This is quite an unusual situation. I would gather, Mr. Caswell, the Board has prejudged Dr. Van Gordon. * * * Now, the point is, Mr. Marmaduke, just exactly what am I going to do about it?" Since the statements were made prior to any argument or testimony, one might ask reasonably, "Who had prejudged whom?"

[8] We construe administrative remedies broadly to include judicial review as provided in the Administrative Procedures Act (ORS ch 183).

[9] ORS 183.480(3) provides:

"(3) Except as provided in ORS 183.400, no action or suit shall be maintained as to the validity of any agency order except a final order as provided in this section and ORS 183.490 and 183.500 or except upon showing that the agency is proceeding without probable cause, or that the party will suffer substantial and irreparable harm if interlocutory relief is not granted."

[ 613 ]

of this appeal, and is not assigned as error in this court.

We do hold, however, that the circuit court had jurisdiction pursuant to ORS 183.480(3) to afford plaintiff "interlocutory relief" because no administrative remedy existed for such temporary relief, but it acquired jurisdiction for that limited purpose only. It did not have authority to go any further because plaintiff had not exhausted the remedies provided in ORS ch 183. We pointed out in *Bay River v. Envir. Quality Comm.,* 26 Or App 717, 554 P2d 620, *rev den* (1976), that, "A party cannot ignore the judicial review provisions of the APA in favor of a general equitable or declaratory remedy." 26 Or App at 720.

As long as a procedure under the APA exists which will permit plaintiff to make the challenges he now makes, he may not shortcut that procedure by seeking premature equitable relief. Such a procedure exists by judicial review on direct appeal to this court, even if plaintiff is unable to make a record before the Board. ORS 183.482(7).[10]

The order of the circuit court from which this appeal is taken is reversed.

Reversed.

---

[10] ORS 183.482(7) provides:

"(7) Review of a contested case shall be confined to the record, the court shall not substitute its judgment for that of the agency as to any issue of fact. In the case of disputed allegations of irregularities in procedure before the agency not shown in the record which, if proved, would warrant reversal or remand, the Court of Appeals may refer the allegations to a Master appointed by the court to take evidence and make findings of fact upon them."