Argued and submitted October 18, 1991, reversed and remanded with instructions March 11, 1992

## OREGON OCCUPATIONAL SAFETY & HEALTH DIVISION,
*Petitioner,*

*v.*

## REDI-ROOTER,
*Respondent.*

## (WCB SH 90060; CA A67684)

826 P2d 1052

Meg E. Kieran, Assistant Attorney General, Salem, argued the cause for petitioner. With her on the brief were Dave

Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Petitioner Oregon Occupational Safety and Health Division (OSHD) seeks judicial review of an order of a Workers' Compensation Board referee after a contested case hearing. ORS 654.078. OSHD argues that the referee erred in dismissing a citation and the $1,050 penalty that OSHD had imposed against respondent for violating safety provisions that require all employees, while working on unguarded surfaces more than ten feet above a lower level, to use fall protection equipment. OAR 437-50-050(1). We review for substantial evidence and errors of law, ORS 183.482(7), (8), and reverse and remand with instructions to reinstate the citation and penalty.

■ Respondent is a drain cleaning business. In his final opinion and order, the referee found that two OSHD safety compliance officers had observed a worker walking along the gutter area on the edge of the roof of a commercial building. The worker was an estimated 20 feet above the ground, without fall protection equipment. The officers called the worker down from the roof, discovered that he was an employee of respondent and issued a citation and penalty to respondent. The referee concluded that: (1) OSHD had failed to prove the height of the building; (2) OSHD had also failed to prove that fall protection equipment available for the job was "practical" for this employer; (3) two exceptions from the construction safety code applied to the building maintenance activity involved here; and (4) OSHD compliance officers had failed to take steps to prevent a safety violation before issuing a citation. Accordingly, the referee dismissed the citation and penalty. OSHD argues that the final order is not supported by substantial evidence and that the referee erred as a matter of law.

OAR 437-50-050(1) provides:

> "All employees shall be protected from fall hazards when working on unguarded surfaces more than 10 feet above a lower level or at any height above dangerous equipment."

The undisputed evidence from the three witnesses who testified on the subject is that the height of the roof varied from 10 feet to 20 feet above the ground. Because the referee made no adverse finding as to the witnesses' credibility, his finding

that OSHD failed to prove the height of the building is not supported by substantial evidence. *See Garcia v. Boise Cascade*, 309 Or 292, 296, 787 P2d 884 (1990).

■ Second, the referee found that there was "no convincing evidence of what practical fall protection could be applied to this job." OSHD argues that the referee erred, because compliance with OAR 437-50-050 is not discretionary. We agree. The rule states that employees "shall be protected from fall hazards," and we are not aware of any provision that conditions that requirement on whether the protective measure is "practical" for the employer.

■ The referee discussed the fact that the Construction Safety Code, OAR 437-03-003 *et seq*, contains certain "limited duration" exceptions to the fall protection rules but concluded that "these exceptions in the erection of a building *cannot be allowed* in the maintenance of the building." (Emphasis supplied.) Nevertheless, the referee chose to "apply the exceptions to maintenance * * *." He gave no reason for his decision to disregard the clear language of the rules and to apply the construction exceptions to the maintenance work in this case. We agree with OSHD that the referee erred in that respect.

■ Finally, the referee found that OSHD's compliance officers are required to prevent a violation before issuing a citation and penalty. OAR 437-01-015(12) provides that a compliance officer's responsibilities are

> "to conduct inspections or investigations to identify possible violations and hazards and to propose citations, penalties and correction dates, and to assist employers and employees with information to correct violations and hazards."

There is nothing in that, or any other rule, that places the burden of hazard prevention on OSHD compliance officers. Safety compliance is the responsibility of employers. Because a safety violation occurred in this case, the referee erred in dismissing the citation and penalty imposed by OSHD.

Reversed and remanded with instructions to reinstate the citation and penalty.