Argued and submitted June 10, 1992, affirmed April 21, reconsideration denied
June 16, petition for review allowed July 27, 1993 (317 Or 271)

# J. Kent LLEWELLYN, D.C.,
*Petitioner,*

*v.*

# BOARD OF CHIROPRACTIC EXAMINERS,
*Respondent.*

## (CA A69952)

850 P2d 411

Marc D. Blackman, Portland, argued the cause for petitioner. With him on the briefs was Ransom, Blackman & Weil, Portland.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

De MUNIZ, J.

Rossman, P. J., dissenting.

---

* Leeson, J., *vice* Buttler, J., retired.

## De MUNIZ, J.

Petitioner seeks review of an order of the Board of Chiropractic Examiners (the Board) that revoked his license to practice chiropractic and imposed other sanctions. We affirm.

We paraphrase the Board's essential findings of fact: Petitioner sent bills to insurance companies for chiropractic services that he purportedly provided to insured patients. In fact, he did not provide any service to those patients, because they failed to keep their appointments. Petitioner instructed his staff to place a code on the bill for the service that would likely have been provided if the patient had kept the appointment. He intended the bills to appear as though the patient kept the appointment and received the specified service. In response to insurance company requests for documentation to support those bills, petitioner produced chart notes that indicated that the patient had received treatment when in fact the patient had not received any treatment. Petitioner repeatedly and wilfully engaged in that conduct with an intent to deceive the insurance companies and to induce them to make payments that they would not otherwise have made.

The Board revoked petitioner's license on two independent grounds, either one of which, it said, would warrant revocation. It concluded that petitioner obtained fees through fraud or misrepresentation. ORS 684.100(1)(j) (*since amended by* Or Laws 1987, ch 376, § 3 and Or Laws 1991, ch 892, § 7). The Board also concluded that petitioner engaged in unprofessional or dishonorable conduct by violating recognized standards of ethics. ORS 684.100(1)(g)(A) (*since amended by* Or Laws 1991, ch 892, § 7).[1]

---

[1] The Board applied the versions of ORS 684.100(1)(g)(A) and (j) that were in effect between September 1, 1983, and July 18, 1985. At that time, ORS 684.100(1) provided in part:

"The board may * * * revoke [a license to practice chiropractic] upon any of the following grounds:

"* * * * *

"(g) Unprofessional or dishonorable conduct which includes but is not limited to:

"(A) Any repeated conduct or practice contrary to recognized standard [*sic*] of ethics of the chiropractic profession or any conduct or practice which does or might constitute a danger to the health or safety of a patient or the public or any

Petitioner argues that the Board lacked authority to discipline him for "ethical misconduct" unrelated to the "protection of patients." Relying on our opinion in *McKay v. Board of Medical Examiners*, 100 Or App 685, 788 P2d 476 (1990), petitioner contends that the Board was required to adopt rules defining unprofessional conduct before it could discipline him on the basis of the billing practices described above.

We do not review that contention in this case. We affirm solely on the basis of our analysis of the Board's findings of fact and conclusions of law regarding fraud or misrepresentation under ORS 684.100(1)(j). We express no opinion on the Board's decision to revoke petitioner's license for ethical misconduct under ORS 684.100(1)(g)(A). *See Anderson v. Board of Medical Examiners*, 95 Or App 676, 678, 770 P2d 947 (1989).

■ Petitioner argues that the Board's findings are not supported by substantial evidence. The argument does not merit extended discussion. The evidence against petitioner was extensive and persuasive. The Board's order is supported by substantial evidence in the record.[2]

Petitioner attacks the procedure that the Board used to reach its decision. The Board selected a hearings officer to receive the evidence at the contested case hearing. Petitioner was represented by counsel at the hearing. The Board was represented at the hearing by an assistant attorney general. After the hearing was closed, the hearings officer issued a proposed order. The Board reviewed the evidence and issued the final order from which petitioner seeks review.

■ Petitioner claims that the assistant attorney general engaged in conduct prohibited by statute. He draws our

conduct, practice, or condition which does or might impair a physician's ability safely and skillfully to practice chiropractic.

"* * * * *

"(j)  The obtaining of any fee through fraud, [*sic*] or misrepresentation."

[2] The parties appear to assume that the Board had to find that fraud or misrepresentation was established by clear and convincing evidence. For purposes of this opinion only, we accept that assumption and conclude that the evidence satisfies the "clear and convincing" standard.

attention to ORS 183.450(6), (7) and (8), which provide:

"(6) Agencies may, at their discretion, be represented at hearings by the Attorney General.

"(7) Notwithstanding ORS 9.160, 9.320 and ORS chapter 180, and unless otherwise authorized by another law, an agency may be represented at contested case hearings by an officer or employee of the agency if:

"(a) The Attorney General has consented to the representation of the agency by an officer or employee in the particular hearing or in the class of hearings that includes the particular hearing; and

"(b) The agency, by rule, has authorized an officer or employee to appear on its behalf in the particular type of hearing being conducted.

"(8) The agency representative shall not present legal argument in contested case hearings or give legal advice to an agency."

Petitioner claims that the assistant attorney general is the "agency representative" within the meaning of ORS 183.450(8). The assistant attorney general responded to various prehearing motions and filed exceptions to the hearings officer's proposed order. Petitioner argues that the assistant attorney general's conduct constitutes the presentation of "legal argument" or the giving of "legal advice" to the agency. He claims that ORS 183.450(8) explicitly prohibits that conduct.

In interpreting ORS 183.450(8), our task is to discern the intent of the legislature. There is no statutory definition of the term "agency representative." It could refer to the "officer or employee" of the agency in ORS 183.450(7). On the other hand, it could refer to the Attorney General. ORS 183.450(6). Because neither the text nor the context of the statute make clear the intent of the legislature, we turn to legislative history. *See Boone v. Wright*, 314 Or 135, 138-39, 836 P2d 727 (1992).

In 1987, the legislature amended ORS 183.450 by adding subsections (7) through (10).[3] Testimony from the Attorney General's representative indicates that subsections

---

[3] Or Laws 1987, ch 833, § 1. ORS 183.450(9) and (10) are not at issue here.

(7) and (8) are designed to give an agency limited authority to appear through its officers or employees in a contested case hearing before *another agency*. Tape recording, Senate Committee on Labor, April 22, 1987, Side B. In general, before the 1987 amendment, an agency could appear in such a contested case hearing *only* through the Attorney General. *See* ORS 9.160; ORS 9.320; ORS 180.220(2).[4]

Petitioner's reliance on ORS 183.450(7) and (8) is, therefore, misplaced. Those subsections do not apply to the agency that *conducts* the contested case hearing. An agency conducts a contested case hearing through agents, but those agents are not "agency representatives" within the meaning of ORS 183.450(8). It follows that the powers of those agents are not circumscribed by either ORS 183.450(7) or ORS 183.450(8).

■ Petitioner argues that the proceedings violated his federal constitutional right to due process. Due process demands impartiality on the part of those who function in quasi-judicial capacities. *Schweiker v. McClure*, 456 US 188, 195, 102 S Ct 1665, 72 L Ed 2d 1 (1982). Courts start with a presumption that a person serving in that capacity is unbiased, but that presumption "can be rebutted by a showing of conflict of interest or some other specific reason for disqualification." 456 US at 195. The burden of establishing a disqualifying interest rests on the party making the assertion. 456 US at 196. A party fails to meet that burden merely by showing that the same agency has performed the investigative, prosecutorial and adjudicative phases of a contested case. *Withrow v. Larkin*, 421 US 35, 95 S Ct 1456, 43 L Ed 2d 712 (1975); *Van Gordon v. Oregon State Bd of Dental Exam.*, 34 Or App 607, 613, 579 P2d 306 (1978); *Palm Gardens, Inc. v. OLCC*, 15 Or App 20, 34-35, 514 P2d 888 (1973), *rev den* (1974).

Petitioner does not attack the impartiality of any Board member, at least directly. He attacks the impartiality

---

[4] That is the reason that ORS 183.450(7) begins with the proviso "[n]otwithstanding ORS 9.160, 9.320 and ORS chapter 180, and unless otherwise authorized by another law." The dissent omits the proviso from its analysis. The practice of requiring an agency to appear in a contested case hearing before another agency through the Attorney General was designed to prevent the state, through its agencies, from taking inconsistent legal positions before administrative tribunals.

of its agent, the assistant attorney general. He argues that the assistant attorney general's involvement in a prior civil action created a conflict of interest with his involvement in the revocation proceedings. The assistant attorney general who represented the Board also represented SAIF Corporation in an action against petitioner for damages caused by petitioner's fraudulent billing practices. The civil action ended with a stipulated judgment against petitioner. Shortly thereafter, the Board initiated this revocation proceeding.

■ We fail to see how the assistant attorney general's role in the prior civil action created a conflict of interest with his role in the revocation proceedings. Prior familiarity with the evidence in the civil action, by itself, does not create a conflict of interest. Petitioner presents no evidence that the assistant attorney general had a pecuniary interest in the outcome of either proceeding. Petitioner argues more broadly that "having the lawyer for one's adversary become the lawyer for one's judge" fails to satisfy the appearance of justice. *See In re Murchison*, 349 US 133, 136, 75 S Ct 623, 99 L Ed 942 (1955). However, whatever superficial appeal petitioner's arguments may have, they fail to recognize that the decision-maker in a license revocation proceeding is the *Board*, not the Board's *lawyer*.

Petitioner has presented no evidence that the Board members abdicated their responsibility and duty to find the facts from the evidence that the assistant attorney general *and* petitioner's counsel placed before them. Moreover, petitioner has presented no evidence that the Board members failed to judge whether the facts warranted imposition of authorized sanctions.

Finally, petitioner claims that the Board erred when it assessed costs of the disciplinary proceedings against him pursuant to ORS 684.100(9)(g). That statute provides:

"(9) In disciplining a person as authorized by subsection (1) of this section, the board may use any or all of the following methods:

"* * * * *

"(g) Take such other disciplinary action as the board in its discretion finds proper, including assessment of the costs of the disciplinary proceedings."

Petitioner objects to the cost assessment because the hearings officer recommended that costs not be assessed. The argument lacks merit. The Board members make that decision, not the hearings officer.

Affirmed.

**ROSSMAN, P. J.,** dissenting.

I write to express my disagreement with the majority's conclusion that it is permissible, under ORS 183.450(8) or under standards of fairness and due process, for an assistant attorney general to both represent an agency in a contested case hearing before the agency's adjudicative body and then to give legal advice to the agency regarding the outcome of the same adjudicative proceeding.

ORS 183.450 provides, in part:

"(6) Agencies may, at their discretion, be represented at hearings by the Attorney General.

"(7) [A]n agency may be represented at contested case hearings by an officer or employee of the agency if:

"(a) The Attorney General has consented to the representation of the agency by an officer or employee in the particular hearing or in the class of hearings that includes the particular hearing; and

"(b) The agency, by rule, has authorized an officer or employee to appear on its behalf in the particular type of hearing being conducted.

"(8) The agency representative shall not present legal argument in contested case hearings or give legal advice to an agency."

Contrary to the majority's conclusion, the statute is unambiguous, and does not require that we resort to legislative history to discern its meaning. An agency may decide to be represented either by the Attorney General or by its own officer or employee. In either case, the chosen representative may not present legal argument in the hearing or give legal advice to the agency. The agency's representative at the hearing, be it an assistant attorney general or officer or employee of the agency, may only present the *evidence* necessary for the agency to reach the correct result; it is for the agency to find the facts and apply the law. The clear import of

the statute is that the agency's decision making process is to be insulated from the influence of its attorney acting as advocate. Accordingly, I believe very strongly that it was impermissible for the Attorney General to offer legal argument at the hearing *or* to give legal advice to the Board regarding the same contested case proceeding.

I also believe that permitting the same assistant attorney general who had represented SAIF in its civil contest against petitioner to represent the Board in its adjudicative function in this license revocation undermined the fairness and legitimacy of the proceeding. Although there is no presumption of impermissible bias when the same body performs the investigative, procedural and adjudicative phases of a contested case, *Van Gordon v. Oregon State Bd of Dental Exam.*, 34 Or App 607, 613, 579 P2d 306 (1978), I would conclude that circumstances have been shown here indicating that it was impossible for the agency to act impartially. *See Palm Gardens, Inc. v. OLCC*, 15 Or App 20, 34-35, 514 P2d 888 (1973), *rev den* (1974). Accordingly, I would remand the case to the Board for a new hearing.