Argued and submitted October 20, reversed and remanded with instructions
December 8, 1993

## OREGON OCCUPATIONAL SAFETY
## AND HEALTH DIVISION,
*Petitioner,*

*v.*

## AFFORDABLE ROOFING, INC.,
*Respondent.*

## (SH-92044; CA A77802)

865 P2d 439

Richard D. Wasserman, Assistant Attorney General, argued the cause for petitioner. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance for respondent.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

**DEITS, P. J.**

Petitioner, Occupational Safety and Health Division (OSHD), seeks review of an order of a referee of the Workers' Compensation Board[1] holding that defendant employer did not violate administrative rules adopted by the Director of the Department of Insurance and Finance (DIF) pursuant to the Oregon Safe Employment Act. We reverse.

On October 4, 1991, employer was issued a citation by a OSHD compliance officer for not complying with the fall protection requirements of DIF's administrative rules, specifically OAR 437-03-040(1).[2] That rule requires that employees must be protected from fall hazards when working on unguarded surfaces more than 10 feet above a lower level. The compliance officer saw one of employer's employees working on a roof 28 feet above the ground without fall protection. The compliance officer ordered employer to install two by six toeboards approximately two feet from the bottom edge of the roof. Brackets had been installed for the toeboards, but the boards had been removed. Employer immediately corrected the problem. Employer was initially fined $1,000, but the fine was reduced to $500 because of its immediate correction of the problem and good incident record.

Employer requested a hearing on the citation. The referee found that the employees were working on a roof 28 feet above the ground and that employer had failed to provide fall protection for a section of the roof. The referee concluded, however, that, because working on a roof was inherently dangerous and the addition of the toeboards likely would not have prevented an injury if a worker did fall, employer did not violate OAR 437-03-040. He explained:

"Under the circumstances, namely, that the employee was simply walking along the ridge of the roof, several feet above where the toeboard would have been, it is difficult to speculate that the existence of the toeboard would have in any way prevented injury had the worker in question fallen.

---

[1] Under ORS 654.290(2)(b), the referee's order is deemed to be the final order of the Workers' Compensation Board.

[2] Employer also was cited for another violation of the rules, but that citation was withdrawn by OSHD at the beginning of the hearing on this matter.

The worker's actions at the time of the citation were not anymore unsafe than if a building inspector had climbed up on the roof and walked along the ridge to inspect the job. Working on any roof, 28 feet above the ground, is inherently dangerous. The lack of a 2 × 6 toeboard, under the particular circumstances in this case, did not make that work any more dangerous. The plaintiff has failed to meet its burden of proof."

OHSD argues that the referee erred as a matter of law in concluding that employer did not violate OAR 437-03-040(1). We agree. The rule clearly requires that "all employees shall be protected from fall hazards when working on unguarded surfaces more than ten feet above a lower level." It is undisputed that the employees were working above ten feet and that employer had not provided fall protection. The authority to establish the fall protection requirements that an employer must provide was delegated by the legislature to DIF. ORS 654.025(2); ORS 654.035. DIF has carried out that function in the adoption of its rules. The referee exceeded his authority to review OSHD's citation by substituting his judgment for that of DIF's by deciding that the rule was not violated, because the fall protection required by DIF was ineffective. We conclude, based on the undisputed facts, that the rule was violated and, accordingly, that the referee erred in setting aside the citation.

Reversed and remanded with instructions to reinstate Citation No. P6808-004-92.