Argued and submitted October 29, decision of the Court of Appeals and order of the
Board of Chiropractic Examiners affirmed December 9, 1993

## J. Kent LLEWELLYN, D.C.,
*Petitioner on Review,*

*v.*

## BOARD OF CHIROPRACTIC EXAMINERS,
*Respondent on Review.*

(CA A69952; SC S40277)

863 P2d 469

Marc D. Blackman, of Ransom, Blackman & Weil, Portland, argued the cause and filed the petition for petitioner on review.

Michael D. Reynolds, Deputy Solicitor General, Salem, argued the cause for respondent on review. With him on the response were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Anthony A. Allen, of Gatti, Gatti, Maier, Jackson & LeDoux, Salem, filed a brief *amicus curiae* on behalf of Oregon Trial Lawyers Association.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Petitioner seeks review of a Court of Appeals' decision affirming an order of the State Board of Chiropractic Examiners (Board) that revoked petitioner's chiropractic license. ORS 684.100.[1] *Llewellyn v. Board of Chiropractic Examiners*, 119 Or App 397, 850 P2d 411 (1993).

The issues are whether an assistant attorney general representing an agency pursuant to ORS 183.450(6) is an "agency representative," as that term is used in ORS 183.450(8),[2] and whether petitioner's right to procedural due process was violated in this proceeding.[3] We hold that an assistant attorney general representing an agency pursuant to ORS 183.450(6) is not an "agency representative" within

---

[1] At the time of the hearing, ORS 684.100(1) (1989) provided in part:

"The board may suspend or revoke * * * a license * * * upon any of the following grounds:

"* * * * *

"(g) Unprofessional or dishonorable conduct which includes but is not limited to:

"(A) Any repeated conduct or practice contrary to recognized standard of ethics of the chiropractic profession * * *.

"* * * * *

"(j) The obtaining of any fee or payment from a private patient or a third party payor through fraud or misrepresentation."

[2] ORS 183.450 provides in part:

"(6) Agencies may, at their discretion, be represented at hearings by the Attorney General.

"(7) Notwithstanding ORS 9.160 [unauthorized practice of law], ORS 9.320 [the state or a corporation must appear by attorney unless otherwise authorized by law] and ORS chapter 180 [pertaining to the Attorney General and the Department of Justice], and unless otherwise authorized by another law, an agency may be represented at contested case hearings by an officer or employee of the agency if:

"(a) The Attorney General has consented to the representation of the agency by an officer or employee in the particular hearing or in the class of hearings that includes the particular hearing; and

"(b) The agency, by rule, has authorized an officer or employee to appear on its behalf in the particular type of hearing being conducted.

"(8) The agency representative shall not present legal argument in contested case hearings or give legal advice to an agency."

[3] The Fourteenth Amendment to the Constitution of the United States provides in part:

"No State shall * * * deprive any person of life, liberty, or property, without due process of law[.]"

the meaning of ORS 183.450(8) and that petitioner's right to procedural due process was not violated in this proceeding. Accordingly, we affirm the decision of the Court of Appeals.

The Board instituted this license revocation proceeding against petitioner, designating a hearings officer to receive evidence at a contested case hearing. ORS 684.105(1). Petitioner was represented by counsel at the hearing, and the Board was represented by an assistant attorney general. Before the hearing, petitioner moved to disqualify the assistant attorney general, arguing that, because the assistant attorney general had represented SAIF Corporation, a third party, in an earlier civil action against petitioner alleging fraudulent billing, the assistant attorney general had a conflict of interest.[4] Petitioner's motion was denied.

After the hearing, the hearings officer issued a proposed order. Petitioner moved to dismiss the proceeding on the ground that the assistant attorney general's representation of the Board violated ORS 183.450(8).[5] Thereafter, the Board reviewed the evidence and concluded that petitioner had violated ORS 684.100(1)(g)(A) (1989) (unethical conduct) and ORS 684.100(1)(j) (1989) (fraud or misrepresentation), ordered that his license be revoked, and imposed other sanctions.[6] On judicial review, the Court of Appeals affirmed. *Llewellyn v. Board of Chiropractic Examiners, supra.*[7]

---

[4] Petitioner suggested that the assistant attorney general might have knowledge of evidence or materials from the earlier civil action that would not be discoverable in the present case. The assistant attorney general provided an affidavit stating that he had no knowledge of information that was not discoverable, and petitioner did not refute that affidavit. Evidence about the earlier action was offered at the hearing, and petitioner did not object on the basis that it was not discoverable.

[5] The record contains no ruling on that motion, but the Board proceeded with the case.

[6] The Board found: That petitioner directed his staff to bill insurance companies for patients' missed appointments in a manner that failed to disclose that the appointments had been missed; that, in response to requests from insurance companies, he created chart notes for those missed appointments that showed that he had treated those patients; and that his method of billing for missed appointments and the creation of the fraudulent chart notes did not comport with the standards of ethics of the profession. The Board revoked petitioner's license on two independent grounds, unethical conduct and fraud or misrepresentation, either of which, the Board found, would warrant revocation.

[7] The Court of Appeals affirmed the Board's order solely on the basis of its analysis of the Board's findings of fact and conclusions of law regarding fraud or misrepresentation. ORS 684.100(1)(j). *Llewellyn v. Board of Chiropractic*

Petitioner first argues that ORS 183.450(8) applies to assistant attorneys general in contested case hearings. The Board responds that ORS 183.450(8) does not apply to assistant attorneys general, but only to officers or employees of an agency authorized to present evidence under ORS 183.450(7). The Court of Appeals interpreted the limitations contained in ORS 183.450(7) and (8) to apply only when an agency appears through its officers or employees in a contested case hearing before *another agency*. *Llewellyn v. Board of Chiropractic Examiners, supra*, 119 Or App at 402. The Board challenges that interpretation but argues that, nonetheless, the Court of Appeals' *result* in this case is correct.

■ In interpreting a statute, this court's duty is to discern the intent of the legislature. ORS 174.020. To determine the intent of the legislature, the court first looks to the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993).

■ The term "agency representative" is not defined in the statutes. Petitioner argues that the "agency representative" referred to in ORS 183.450(8) may be either an assistant attorney general representing the agency under ORS 183.450(6) or an officer or employee of the agency representing the agency under ORS 183.450(7), set forth in note 2, *ante*. The Board argues that the "agency representative" is only the officer or employee representing the agency under ORS 183.450(7) and not an assistant attorney general. We conclude that the interpretation offered by each party is plausible. Nothing in the text or context of the statute indicates whether the legislature intended the term "agency representative" to include the assistant attorney general representing the agency pursuant to ORS 183.450(6). Thus, we agree with the Court of Appeals that the statute is ambiguous.[8] We turn, therefore, to the legislative history of ORS

---

*Examiners*, 119 Or App 397, 400, 850 P2d 411 (1993). Petitioner does not argue that revocation is not permissible in this case for violation of ORS 684.100(1)(j) (1989) alone. Accordingly, we express no opinion on the Board's decision to revoke petitioner's license for unethical conduct, ORS 684.100(1)(g)(A) (1989).

[8] One Court of Appeals judge would have held that the statute unambiguously included the Attorney General. He would have remanded the case to the Board for a new hearing. *Llewellyn v. Board of Chiropractic Examiners, supra*, 119 Or App at 404-05 (Rossman, P. J., dissenting).

183.450 to discern the intent of the legislature. *See PGE v. Bureau of Labor and Industries, supra,* 317 Or at 611-12 (describing methodology).

■   The first significant aspect of the legislative history of ORS 183.450 is that subsection (6) was part of the statutory scheme before subsections (7) and (8) were added to ORS 183.450 by Oregon Laws 1987, chapter 833, section 1. Before 1987, ORS chapter 183 contained no statutory limitation on the Attorney General's representation of an agency under ORS 183.450(6). We turn, therefore, to the history of the 1987 amendments to ORS 183.450 in order to discern whether the legislature intended to create limitations on the Attorney General's representation of an agency when it added subsections (7) and (8) to ORS 183.450.

In 1987, the legislature enacted Senate Bill 905, adding the provisions of subsections (7) and (8) to ORS 183.450. That bill was introduced by the Senate Committee on Labor *at the request of the Department of Justice.* As introduced, all the pertinent provisions of Senate Bill 905 were contained in a proposed new subsection (7) to ORS 183.450:

"(7)   Notwithstanding ORS 9.160, 9.320 and ORS chapter 180, and unless otherwise authorized by another law, an agency may be represented at contested case hearings by an officer or employe of the agency if:

"(a)   The Attorney General has consented to the representation of the agency by an officer or employe in the particular hearing or in the class of hearings that includes the particular hearing;

"(b)   The agency, by rule, has authorized an officer or employe to appear on its behalf in the particular type of hearing being conducted;

"(c)   The officer presiding at the contested case hearing may exercise discretion to limit such agency representative's presentation of evidence, examination and cross-examination of witnesses, or presentation of factual arguments to insure the orderly and timely development of the hearing record; and

"(d)   *Such agency representative is not permitted to present legal argument in contested case hearings or to give legal advice to an agency.*" (Emphasis added.)

Because the proposed subsection (7) related only to officer and employee representatives, it is clear that the "agency representative" mentioned in paragraph (d) referred to an officer or employee of the agency, but *not* to the Attorney General.

After Senate Bill 905 was introduced, paragraph (7)(d) was amended by renumbering it as subsection (8) and rewording it to read: "The agency representative shall not present legal argument in contested case hearings or give legal advice to an agency." There is no explanation in the legislative history for that renumbering and rewording. However, the following discussion occurred during the Senate Committee on Labor work session when that amendment was adopted:

SENATOR MEEKER: "In effect, what this does is [to] do away with the current system of legal representation for agencies by the Attorney General. The Department of Revenue could hire its own lawyer."

CHAIRMAN HILL: "No."

SENATOR MEEKER: "Why not?"

CHAIRMAN HILL: "Because 'the agency representative shall not present legal argument in contested case hearings or give legal advice to an agency.' That language is retained on lines 11 and 12. *So if the agency determined it needed legal advice or legal arguments, it would have to go to the Attorney General*. But — not — The effect of the proposed amendments would not permit the agency to hire an outside attorney, but rather to use a staff person."

SENATOR MEEKER: "What if the staff person was an attorney?"

CHAIRMAN HILL: "Then they wouldn't be allowed to give, under these proposed amendments, they would not be allowed to give legal arguments or give legal advice to the agency. * * * *If the agency wanted legal advice or legal arguments to be made, they would have to go to the assistant attorney general*."

MR. THOMSON:[9] "I agree with that." Senate Committee on Labor, Work Session, April 22, 1987, Tape 117, Side B (emphasis added).

---

[9] Larry D. Thomson, Assistant Chief Counsel, General Counsel Division, Department of Justice, provided testimony in support of the bill on behalf of the Attorney General. Minutes, Senate Committee on Labor, April 15, 1987, at 9-10; April 22, 1987, at 6-7. In his written statement, Thomson observed that Senate Bill

Chairman Hill's comments quoted above suggest that the Senate Committee on Labor intended the term "agency representative" to mean a person from the agency who is *not* an assistant attorney general. Because the committee intended that the Attorney General alone would provide legal advice to and make legal arguments on behalf of an agency; new subsection (8) prohibits an "agency representative" from performing those legal functions. Immediately after that discussion, the committee sent Senate Bill 905, as amended, to the floor with a "Do Pass" recommendation. Minutes, Senate Committee on Labor, Work Session, April 22, 1987, at 6-7.[10]

The legislative history persuades us that, in amending Senate Bill 905, the legislature did not intend the limitations placed on agency representatives by ORS 183.450(8) to apply to assistant attorneys general representing agencies at contested case hearings. In this case, we hold that the assistant attorney general's participation in the proceeding did not violate ORS 183.450(8). We next turn to petitioner's due process claim.

In this court, petitioner argues that, if ORS 183.450(8) does not apply to assistant attorneys general in contested case hearings, the statutory scheme violates his federal right to procedural due process. Petitioner did not make that argument at the administrative hearing. Because that argument was not preserved, we do not consider it. We turn, therefore, to petitioner's specific claim in this case, that he was denied procedural due process because the assistant attorney general who represented the agency in this proceeding previously had represented SAIF in a civil action against petitioner concerning the identical billing practices at issue here and, therefore, had a conflict of interest.[11] We are not persuaded by that argument.

---

905 "limits the presentation of legal arguments *by the lay representative*, and prohibits the lay representative from giving legal advice to the agency." Senate Committee on Labor, April 15, 1987, Exhibit O (emphasis added).

[10] We have found no other reference to the disputed sections in the legislative history of the bill. Later amendments to Senate Bill 905 in the House of Representatives did not affect the disputed sections.

[11] The underlying facts of SAIF's civil action against petitioner essentially track the underlying facts of this license revocation proceeding, and most of the evidence admitted in the civil action also was admitted in this proceeding. The Board was not a

A lawyer who represents interests adverse to a party also may represent additional adverse interests without having a conflict and without raising due process concerns. Petitioner's argument might have merit if the assistant attorney general previously had represented *him*, but that was not the case. Petitioner points to no facts and cites no authority, and we are aware of none, in support of his claim that the conduct of the assistant attorney general in this case was improper or that it denied petitioner procedural due process.

The decision of the Court of Appeals is affirmed. The order of the Board of Chiropractic Examiners is affirmed.

---

party to the civil action. The settlement agreement in the civil action noted, however, that it was not to affect the Board's authority under ORS chapter 684.