Argued and submitted July 1, reversed and remanded with instructions
August 10, 1994

# OREGON OCCUPATIONAL SAFETY
## & HEALTH DIVISION,
*Petitioner,*

*v.*

# BELLET CONSTRUCTION,
*Respondent.*

## (SH-91282; CA A80977)

879 P2d 1333

Michael C. Livingston, Assistant Attorney General,
argued the cause for petitioner. With him on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Andrew G. Lewis argued the cause for respondent. With him on the brief was Hershner, Hunter, Moulton, Andrews & Neill.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Petitioner Occupational Safety and Health Division (OSHD) seeks review of an order of the Workers' Compensation Board[1] holding that employer did not violate safety rules adopted by the Department of Insurance and Finance (DIF),[2] pursuant to the Oregon Safe Employment Act. We review for errors of law, ORS 183.482(8), and reverse.

On June 14, 1991, an OSHD safety compliance officer inspected employer's worksite where a large metal roof was under construction. The officer cited employer for not complying with OAR 437-03-040(1), which provides:

"All employees shall be protected from fall hazards when working on unguarded surfaces more than 10 feet above a lower level or at any height above dangerous equipment, except when connecting steel beams as stipulated in OAR 437-03-040(2)."

The officer saw four employees on the roof, which was 28 feet above the concrete surface. Two of the employees were walking on beams and cross beams without being attached to a safety line. The officer assessed employer a $2,000 fine, which included a penalty for a repeat violation. OAR 437-01-165.

Employer requested a hearing on the citation. The referee found that the workers were not tied to the safety line. The referee concluded, however, that OAR 437-03-040(1) was not violated, because the rule does not specifically require employees to be attached to a safety line; rather, it requires protection from "fall hazards." The referee found that the severity level of falling 24 feet to the concrete below was "death," but reasoned that the working conditions were not hazardous, because the employees were experienced and the compliance officer had delayed his inspection for several days.

■■ OSHD argues that the referee erred, as a matter of law, in concluding that employer did not violate OAR 437-03-040(1). We agree. The rule expressly requires that employees shall be protected from fall hazards when working

---

[1] The referee's order is considered a final order of the Workers' Compensation Board. ORS 654.290(2)(b).

[2] DIF is now the Department of Consumer and Business Services. Or Laws 1993, ch 744, § 10.

on unguarded surfaces more than 10 feet above a lower level. *See, e.g., Oregon Occupational Safety v. Affordable Roofing*, 125 Or App 99, 102, 865 P2d 439 (1993). The legislature has adopted a strong safe-employment policy and requires employers to equip workplaces with reasonably necessary "devices and safeguards." ORS 654.003; ORS 654.010.[3] OAR 437-03-040(1) does not provide, and the legislature did not intend, that an employee's work experience shall constitute a safety device or safeguard.[4] The referee erred in concluding that an employee's experience, rather than a physical device, provided adequate fall protection.[5]

■     Employer nonetheless argues that we cannot reinstate the citation, because OAR 437-03-040(1) is unconstitutional under the Fourteenth Amendment to the United States Constitution. Employer explains that the rule violates its rights under the Due Process Clause, because it fails to provide notice of the type of fall protection required. Because employer failed to preserve that argument at the hearing, we do not address it. *Llewellyn v. Board of Chiropractic Examiners*, 318 Or 120, 127, 863 P2d 469 (1993).

Reversed and remanded with instructions to reinstate Citation No. C5730-094-91.

---

[3] The authority to establish the fall protection requirements was delegated by the legislature to DIF. ORS 654.025(2); ORS 654.035.

[4] An employee's experience or expertise may be relevant in calculating the level of risk, which affects the penalty amount. OAR 437-01-135(2).

[5] Employer also contended, and the referee apparently agreed, that because the compliance officer, upon hearing about employer's alleged violation, took several days to investigate at the scene, the compliance officer must have believed that the risk of falling was slight. OAR 437-015-015(12) provides that the primary duties of a compliance officer include identifying safety violations, issuing citations and furnishing information to employers and employees about hazards. *Oregon Occupational Safety v. Redi-Rooter*, 112 Or App 40, 43, 826 P2d 1052 (1992). An officer's subjective assessment of a hazard does not negate the determination that a rule was violated.