No. 532 July 31, 2024 157

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Melisse WILLIAMS,
*Petitioner,*

*v.*

AMALGAMATED TRANSIT UNION, DIVISION 757,
and Oregon Employment Relations Board,
*Respondents.*

Employment Relations Board
UP03420;
A181122

Argued and submitted June 6, 2024.

Rebekah C. Schultheiss (Millard) argued the cause for petitioner. Also on the briefs was Freedom Foundation.

Maya Rinta argued the cause for respondent Amalgamated Transit Union, Division 757. Also on the brief was Whitney Stark.

Denise G. Fjordbeck waived appearance for respondent Oregon Employment Relations Board.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Petitioner seeks reversal of the Employment Relations Board's award of $3,000 in representation costs to respondent, in connection with the board's dismissal of petitioner's complaint against respondent for unfair labor practices. We affirm.

The board is statutorily authorized to award representation costs to the prevailing party. ORS 243.676(3)(b) ("Where the board finds that the person named in the complaint has not engaged in or is not engaging in an unfair labor practice, the board shall: (a) [i]ssue an order dismissing the complaint; and (b) [d]esignate the amount and award representation costs, if any, to the prevailing party."). By rule, the board has adopted a schedule to determine the amount of representation costs to be awarded. OAR 115-035-0055. Increasing amounts are awarded for a case dismissed without a hearing ($250), a case presented solely on stipulated facts ($1,000), a case that requires one day of hearing ($3,000), a case that requires more than one day of hearing ($5,000), and a case in which a civil penalty is imposed ("full amount of reasonable representation costs"). OAR 115-035-0055(1)(b)(A) - (E). The rule contains a variance, however, that applies when the losing party is also paying representation costs for their own attorney: "If a non-prevailing party had to rely on personal financial resources to litigate the matter, the prevailing party shall be awarded $500 in representation costs, unless the Board determines that a lesser award is more appropriate." OAR 115-035-0055(1)(b)(F). The board interprets "rely[ing] on personal financial resources to litigate the matter" to refer solely to using one's own money to pay attorney fees.

Petitioner argues that OAR 115-035-0055(1)(b)(F) is unconstitutional as applied to her. Petitioner was represented by *pro bono* counsel in the board proceeding. Because she did not have to pay attorney fees for her own representation, the board concluded that OAR 115-035-0055(1)(b)(F) did not apply, and it awarded the usual $3,000 in representation costs provided by OAR 115-035-0055(1)(b)(C) for a case that had a one-day hearing. Petitioner argues that the effect of OAR 115-035-0055(1)(b)(F) is to "punish" her for

having *pro bono* counsel, by requiring her to pay a higher fee award to the union upon losing her case than a litigant who could afford to pay for counsel and thereby secure the benefit of the $500 cap in OAR 115-035-0055(1)(b)(F).

Petitioner does not claim that the alleged punitive effect of OAR 115-035-0055(1)(b)(F) on litigants represented by *pro bono* counsel is intentional. Respondent understands the rule to be intended to level the playing field by making it easier for individual claimants to hire counsel, rather than proceeding *pro se*, and petitioner acknowledges that any punitive effect on litigants represented by *pro bono* counsel is likely unintentional. Nonetheless, petitioner argues, OAR 115-035-0055(1)(b)(F) has that effect and thus violated her free-speech rights under the First Amendment to the United States Constitution; her right to freedom of expression under Article I, section 8, of the Oregon Constitution; and the privileges and immunities clause of Article I, section 20, of the Oregon Constitution.

We reject petitioner's First Amendment claim, which is flawed in a number of respects.[1] As a preliminary matter, we agree with respondent that it is highly problematic for petitioner that she is making an as-applied challenge to OAR 115-035-0055(1)(b)(F), not a facial challenge, yet has created no record of the effect of OAR 115-035-0055(1)(b)(F) on her personally. If, for example, petitioner has a contract with her counsel under which counsel agreed to pay any representation costs that might be awarded against petitioner, we do not see how OAR 115-035-0055(1)(b)(F) could violate the First Amendment as applied to petitioner. Petitioner has not developed the record necessary for a meaningful as-applied challenge.

Furthermore, petitioner fails to persuasively explain, even theoretically, how imposing lesser fee awards on

---

[1] For present purposes, we treat petitioner's First Amendment claim as preserved, because the parties agree that it was raised below, and because doing so does not affect the disposition. However, petitioner cannot actually establish preservation as required by ORAP 5.45(4), because the document in which she raised the First Amendment issue to the board is not included in the "shortened" agency record transmitted to this court. It is unclear whether it was supposed to be included; if so, petitioner has not moved to correct the record. Rather than conclusively resolve the record issue, we assume preservation.

litigants who must also pay their own attorney fees has a chilling effect on the speech of litigants represented by *pro bono* counsel. The total cost of litigation for an unsuccessful litigant who must pay both their own attorney fees and up to $500 for a fee award will very likely be greater than the total cost of litigation for an unsuccessful litigant who must pay the full fee award in OAR 115-035-0055(1)(b)(A) - (E) but no attorney fees of their own because they were unrepresented or had *pro bono* representation. That reality significantly undermines petitioner's argument that OAR 115-035-0055(1)(b)(F) makes it more expensive to litigate before the board with *pro bono* counsel than with paid counsel— and thus chills the speech of litigants who have *pro bono* counsel.[2] None of the cases cited by petitioner are analogous.

Finally, it is notable that, even if one assumes that the fee-reduction provision in OAR 115-035-0055(1)(b)(F) impermissibly treats litigants with *pro bono* counsel differently from litigants with paid counsel, it would not necessarily follow that litigants with *pro bono* counsel must receive the benefit of OAR 115-035-0055(1)(b)(F). The board could repeal OAR 115-035-0055(1)(b)(F), at which point litigation before the board would be more expensive for litigants with paid counsel, but it would cost exactly the same as it does now for litigants with *pro bono* counsel or no counsel.

For all of those reasons, we reject petitioner's First Amendment claim.

We also reject petitioner's Oregon constitutional claims. Neither of those claims was adequately preserved, having been raised in the board proceeding only in a single sentence in a footnote—in a document that is not even

---

[2] It bears emphasis that petitioner challenges only the fee-award-reduction provision in OAR 115-035-0055(1)(b)(F), not the general fee-shifting provisions in ORS 243.676(3)(b) and OAR 115-035-0055. Although any fee-shifting provision has the potential to disincentivize litigation, First Amendment challenges to fee-shifting itself have generally been unsuccessful. *See, e.g.*, *Premier Elec. Const. Co. v. Nat'l Elec. Contractors Ass'n, Inc.*, 814 F2d 358, 373 (7th Cir 1987) ("[T]he proposition that the first amendment, or any other part of the Constitution, prohibits or even has anything to say about fee-shifting statutes in litigation seems too farfetched to require extended analysis. Fee shifting requires the party that creates the costs to bear them.") (Footnote omitted.)); *see also Clackamas County Oregon v. Clackamas River Water*, 280 Or App 366, 370-71, 382 P3d 598 (2016), *rev den*, 360 Or 752 (2017) (quoting same).

included in the appellate record. "No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *, provided that the appellate court may, in its discretion, consider a plain error." ORAP 5.45(1). Preservation rules "apply on judicial review of decisions of administrative agencies," including to alleged constitutional violations. *Wahlgren v. DMV*, 196 Or App 452, 457, 102 P3d 761 (2004); *see also, e.g.*, *Llewellyn v. Board of Chiropractic Examiners*, 318 Or 120, 127, 863 P2d 469 (1993) (rejecting an argument because it was not made at the administrative hearing and, thus, was not preserved). Petitioner belatedly requests plain-error review in her reply brief, but even putting aside the timing and summary nature of that request, the claimed error does not meet the requirements for plain error. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (an error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without having to choose among competing inferences).

Accordingly, we reject petitioner's constitutional challenges to the board's award of $3,000 in representation costs to respondent.

Affirmed.