Argued and submitted March 3, affirmed December 23, 1998

Jeffrey HERSON,
dba BYNX,
dba Outdoor Media Dimensions Inc.,
*Petitioner,*

*v.*

DRIVER AND MOTOR VEHICLE
SERVICES BRANCH (DMV),
*Respondent.*

(DMV Nos. 53190, 50346, 50347, 52290, 52293, 54811,
53752, 54021, 54581, 56088 and 49403; CA A98243)

971 P2d 492

Alan R. Herson argued the cause and filed the briefs for petitioner.

Rives Kistler, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and De Muniz, Judge.

DE MUNIZ, J.

---

* Deits, C. J., *vice* Riggs, J., resigned.

**DE MUNIZ, J.**

Petitioners[1] seek judicial review of an order issued by the Oregon Department of Transportation, Driver and Motor Vehicle Services Division (ODOT). The order arises from the Oregon Motorist Information Act (Act), ORS 377.700 *et seq.*, which regulates billboards along state highways, and was issued following a contested case hearing conducted by ODOT, pursuant to ORS 377.775(3)(a). Following the hearing, ODOT ordered petitioners to remove a series of billboards they had erected along state highways in Jackson and Josephine Counties. We affirm.

Petitioner Outdoor Media Dimensions Inc. was the plaintiff in *Outdoor Media Dimensions Inc. v. State of Oregon*, 150 Or App 106, 945 P2d 614 (1997), *rev allowed* 326 Or 627 (1998). Petitioners here make nine assignments of error. *Outdoor Media* resolved all but portions of three of those assignments in a manner adverse to petitioners here. We adhere to those rulings. We write only to address the issues not resolved in that case.

■     One of the arguments in petitioners' third assignment of error[2] claims that, in permitting temporary political signs, but only for candidates and political committees, ORS 377.735(1)(o) violates Article I, section 20, of the Oregon Constitution. They argue that, without a permit, they cannot display a political sign because they are not candidates or a political committee. The state responds that, even if petitioners were correct, petitioners did not attempt to display a political sign, and, therefore, have not been denied a privilege or immunity. We agree with the state that, "[t]o prove a violation of the [Privileges and Immunities] [c]lause, a defendant must first show that he was denied a privilege or immunity." *State v. Scott*, 96 Or App 451, 455, 773 P2d 394 (1989). Petitioners failed to make that kind of showing here.

---

[1] Although in this case petitioner is designated in the singular (Herson), the final order being appealed here arises from a DMV case and several consolidated DMV cases where petitioners were designated, in the plural, as Herson and two of his dbas, a designation that petitioner has adopted throughout the briefing in this court, and therefore so do we.

[2] The other two arguments raised under this assignment of error were resolved in *Outdoor Media* against the position petitioners advance here.

■ Petitioners' fourth assignment of error challenges the impartiality of the hearings officer. Specifically, they claim that the hearings officer had a financial interest in the outcome of the case because, under federal law, ODOT stood to lose 10 percent of the state's federal highway funds should the Act be held unconstitutional. Petitioners, however, made only a brief reference to the issue during the hearing. They did not make an objection on that ground before or at the beginning of the hearing and failed to make a factual record on the issue. Under these circumstances, we conclude that the issue is not preserved or presently capable of review. *Llewellyn v. Board of Chiropractic Examiners*, 318 Or 120, 127, 863 P2d 469 (1993). We therefore decline to address it here.

■ Petitioners' eighth assignment of error asserts that ODOT erred in failing to hold that the standards set forth in the Act are not susceptible to objective measurement. Particularly, petitioners argue that the Act is so vague that its enforcement violates petitioners' rights to freedom of speech and due process under the United States Constitution. Many of the statutory terms petitioners cite were also challenged unsuccessfully for vagueness in *Outdoor Media*. Here, petitioners assert that the term "state highway" is vague on the ground that ODOT's own map shows that McAndrews Road, the site of one of petitioners' signs, is not a state highway.

The state responds that the purpose of the map is to guide travelers, not to define "state highway" for statutory purposes. We agree. "State highway," in fact, refers to

"the entire width between the boundary lines of the right of way of every state highway, as defined by ORS 366.005, and the term[ ] also include[s] the interstate system and the federal-aid primary system." ORS 377.710(34).

ORS 366.005 states that "any road or highway designated as such by law or by the Oregon Transportation Commission pursuant to law" is a state highway. "State highway," therefore, is neither undefined nor vague.

Affirmed.