Argued and submitted September 4, affirmed October 23, 2002

## OUTDOOR MEDIA DIMENSIONS, INC.,
*Petitioner,*

*v.*

## DRIVER AND MOTOR VEHICLE SERVICES BRANCH (DMV),
*Respondent.*

61906, 63047; A100658 (Control), A100659
(Cases Consolidated)

56 P3d 935

Alan R. Herson argued the cause and filed the brief for petitioner.

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

PER CURIAM

Landau, P. J., concurring.

## PER CURIAM

Petitioner seeks judicial review of an order of the Department of Transportation, Driver and Motor Vehicle Services Branch (department), to remove a billboard along a state highway, pursuant to the Oregon Motorist Information Act (Act), ORS 377.700 to 377.840. His principal contention is that the Act is unconstitutional because it violates the rights of free expression guaranteed by Article I, section 8, of the Oregon Constitution and the First and Fourteenth Amendments to the United States Constitution. The department argues that those contentions were rejected by this court in *Outdoor Media Dimensions Inc. v. State of Oregon*, 150 Or App 106, 945 P2d 614 (1997), *aff'd on other grounds*, 331 Or 634, 20 P3d 180 (2001), and subsequent cases. Petitioner urges us to reconsider that decision and the others following it. We decline to do so.

Petitioner advances other contentions, which either were also disposed of by *Outdoor Media Dimensions Inc.* or do not require discussion.

Affirmed.

**LANDAU, P. J.,** concurring.

I agree with the result in this case. It is dictated by controlling precedent that I feel bound to follow. I write separately because, in my view, that controlling precedent is mistaken, and it is my hope that a brief explanation of why that is so will spark some interest on the part of the parties and, perhaps, the Supreme Court in addressing the error.

The issue about which I am concerned is whether the Oregon Motorist Information Act (Act) violates the free expression guarantee of Article I, section 8, of the Oregon Constitution. In particular, I am concerned with the portion of the Act that distinguishes between signs that advertise on-premises activities and those that advertise off-premises activities. The Act permits the former and forbids the latter. ORS 377.725; ORS 377.739. Petitioner contends that, in so doing, the Act regulates speech on the basis of its content.

Under *State v. Robertson*, 293 Or 402, 649 P2d 569 (1982), and its progeny, a law that focuses on the content of speech is unconstitutional unless wholly contained within a historical exception to the protections of Article I, section 8. In *Outdoor Media Dimensions Inc. v. State of Oregon*, 150 Or App 106, 945 P2d 614 (1997), *aff'd on other grounds*, 331 Or 634, 20 P3d 180 (2001), this court held that, in prohibiting billboards that advertise off-premises, as opposed to on-premises, activities, the Act does not focus on the content of speech. We explained:

> "Exempting billboards that advertise on-premises activity, while not similarly exempting those advertising off-premises activity, is not a *content*-based distinction. Although a billboard's *message* must be evaluated to determine whether it relates to an activity on or off the premises, it is not the content, subject or viewpoint of that message that determines whether a permit is required."

150 Or App at 117 (emphasis in original). That certainly would seem to dispose of the matter.

We adopted almost the identical line of reasoning, however, in rejecting a challenge to the constitutionality of a statute imposing a lobbyist registration fee under Article I, section 8. We said that the challenged statute

> "is entirely indifferent to what those in the regulated profession say or write. Specifically, it does not target any particular positions on legislation. It does not restrict, in any fashion, the views that a compensated lobbyist may take on behalf of a client.
>
> "To be sure, although the statute does not target the particular views of lobbyists on pending legislation, it does, at least indirectly, impose some restriction on those who desire to speak on the subject of pending legislation, as opposed to other subjects. Merely because legislation indirectly affects a subset of the entire universe of expression, however, does not mean that it is 'written in terms directed to the substance of any "opinion" or any "subject" of communication.' "

*Fidanque v. Oregon Govt. Standards and Practices*, 141 Or App 495, 501-02, 920 P2d 154 (1996), *rev'd*, 328 Or 1, 969 P2d 376 (1998) (quoting *City of Eugene v. Miller*, 318 Or 480, 488,

871 P2d 454 (1994)). And the Supreme Court said that we were wrong.

The Supreme Court commented that, while "[a]t first blush," we seemed to be correct that the challenged fee requirement is content neutral, in actuality, it is not. *Fidanque*, 328 Or at 8 n 4. The court explained that, even though lobbyists are required to pay the fee regardless of whether they speak for or against a particular legislative proposal, the fact remains that they are required to pay the fee if they take any position at all. *Id.* The fee was content based, in other words, because its applicability depended on the subject of the lobbyist's communication. If a lobbyist spoke about pending legislation, the fee applied. In contrast, if the lobbyist spoke about something unrelated to pending legislation, the fee did not. That, the court said, is not content neutral. *Id.*

I cannot reconcile what we said in *Outdoor Media Dimensions* with what the Supreme Court said in *Fidanque*. If a sign communicates a message about on-premises activities, the sign is permissible. If the sign communicates a message about practically any other subject—off-premises activities, views about pending legislation, exhortations to save endangered species—it is not permissible. The determinant is the communicative *content* of the sign, plainly and simply.

The problem is that, since *Fidanque*, we have continued to endorse the holding and rationale of *Outdoor Media Dimensions*. In both *Herson v. DMV*, 157 Or App 683, 971 P2d 492 (1998), *rev den*, 332 Or 56 (2001), *cert den*, 534 US 1113 (2002), and *Media Art Co. v. City of Gates*, 158 Or App 336, 974 P2d 249 (1999), *rev den*, 332 Or 56 (2001), we expressly concluded that the off-premises/on-premises distinction is not directed at the substance of any communication and therefore does not run afoul of Article I, section 8. In my view, we were mistaken in that conclusion.

Until the Supreme Court addresses the matter, however, *Outdoor Media Dimensions*, *Herson*, and *Media Art* remain controlling, and the order at issue in this case must be affirmed. I therefore concur.