**James LOMBARDO, Plaintiff–Appellant,**

v.

**Bruce WARNER, in his official capacity as Director of the Oregon capacity as Director of the Oregon Department of Transportation, Defendant–Appellee.**

No. 02–35269.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted En Banc Oct. 12, 2004.

Filed Dec. 3, 2004.

Alan R. Herson, Jacksonville, OR, for the plaintiff-appellant.

Janet A. Metcalf, Assistant Attorney General, Salem, OR, for the defendant-appellee.

Before SCHROEDER, Chief Judge, and FERGUSON, KLEINFELD, TASHIMA, THOMAS, McKEOWN, WARDLAW, FISHER, BERZON, CLIFTON, and BYBEE, Circuit Judges.

SCHROEDER, Chief Circuit Judge.

### ORDER CERTIFYING QUESTION TO THE SUPREME COURT OF OREGON

We took this case en banc, *Lombardo v. Warner*, 371 F.3d 538 (9th Cir.2004) (order of the Chief Judge),[1] to determine whether the Oregon Motorist Information Act of 1971 ("OMIA"), Or.Rev.Stat. §§ 377.700–377.840, which prohibits all "outdoor advertising signs," subject to certain exceptions not at issue in this case, *id.* § 377.715, but exempts "on-premises signs," *id.* § 377.735(1)(c), passes constitutional muster under the First Amendment. Also challenged in this case is the OMIA's provision, *id.* § 377.735(2), which permits a party to obtain a variance from the temporary sign restriction, including the temporary size limitation. Section 377.735(2) permits the issuance of a variance "for good cause shown," and contains no temporal limitation within which the Department of Transportation (the "Department") must act on an application for a variance.

---

1. The three-judge panel opinion, *Lombardo v. Warner*, 353 F.3d 774 (9th Cir.2003), was also withdrawn.

Mindful of the Supreme Court's admonition that "[p]rior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision," *Jean v. Nelson,* 472 U.S. 846, 854, 105 S.Ct. 2992, 86 L.Ed.2d 664 (1985) (citations and internal quotation marks omitted) (noting that "[i]f there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality ... unless such adjudication is unavoidable") (emendations in the original) (internal quotation marks and citations omitted), we certify two questions to the Oregon Supreme Court, pursuant to Or.Rev.Stat. § 28.200 and Or. R.App. P. 12.20, for its binding interpretation of the OMIA.

## BACKGROUND

James Lombardo alleges that his residence is adjacent to the Redwood Highway and that he desires to display at his residence a 32–square–foot sign reading "For Peace in the Gulf." In his amended complaint, Lombardo alleges a claim under 42 U.S.C. § 1983 that the OMIA violates his First Amendment rights by prohibiting him from displaying this sign. He seeks declaratory and injunctive relief on two grounds: (1) that the OMIA is an impermissible content-based regulation that favors commercial over non-commercial speech; and (2) that the OMIA's variance provision is an unconstitutional prior restraint on speech because it vests unbridled discretion in state officials and lacks constitutionally necessary procedural safeguards. Adopting the magistrate judge's findings and recommendations, the district court dismissed the action, holding that (1) the OMIA equally burdens commercial and

non-commercial speech and therefore is not content based; and (2) because Lombardo had not applied for a variance to display his sign, his as-applied challenge to the variance provision should be dismissed for lack of standing. Lombardo timely appealed.

## THE VARIANCE PROVISION

With respect to the variance issue, the OMIA provides:

> The Department of Transportation may adopt rules that, for good cause shown, allow a person displaying a temporary sign to obtain a variance from the restriction in subsection (1)(b) of this section. The department shall not consider the content of the sign in deciding whether to allow a variance.

Or.Rev.Stat. § 377.735(2). An implementing regulation adopted by the Department provides in part:

> Good cause may include a showing that the content of the sign will not be visible to the public if the sign is 12 square feet or less, or a showing of hardship caused by the inability to use a previously-manufactured sign that complies with former size restrictions for temporary signs.

Or. Admin. Rule 734–060–0175(2).

Appellant Lombardo challenges the facial validity of § 377.735(2) in two respects.[2] First, he contends that the variance provision violates his rights under the First Amendment because it contains no time limit within which the Department must act on an application for a variance. He cites *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990), in support of this argument. Second, Lombardo contends that the "for good cause shown" standard in § 377.735(2) for

---

2. The district court dismissed Lombardo's as-applied challenge to the OMIA "on the ground of lack of standing and justiciable controversy" and Lombardo has made no claim of error on appeal as to that ruling.

the issuance of a variance "leaves open the endless possibilities of what a government official may determine to be good cause." Thus, he further contends that the variance provision gives the Department "unbridled discretion" in violation of the First Amendment. He cites *Thomas v. Chicago Park District*, 534 U.S. 316, 122 S.Ct. 775, 151 L.Ed.2d 783 (2002), and *Desert Outdoor Advertising v. City of Moreno Valley*, 103 F.3d 814, 818–19 (9th Cir.1996), in support of this argument. *See also City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 759–60, 108 S.Ct. 2138, 100 L.Ed.2d 771 (1988).

## QUESTION CERTIFIED

We certify the following question of law to the Supreme Court of Oregon, based upon the facts relevant to the question, as summarized above:

1. What is the meaning of the phrase "for good cause shown," as it appears in § 377.735(2) of the OMIA? Is the interpretation and application of that phrase entirely within the discretion of the Department? Does the Department's regulation, § 734–060–0175(2), limit the Department's discretion in applying the "for good cause shown" provision? Does Oregon law otherwise limit the Department's discretion in interpreting and applying the phrase?

2. The OMIA does not contain any explicit time limitation on the Department's acting on an application for a variance under § 377.735(2). When a statute, such as OMIA § 377.735(2), contains no explicit time limitation within which an agency must act, does Oregon law otherwise supply any time limitation on such action?

We respectfully request the Oregon Supreme Court to exercise its discretionary authority to accept and decide these questions of law. We have previously acknowledged that the Court "may reformulate the relevant state law questions as it perceives them to be in light of the contentions of the parties," *Matthews v. Ore. State Bd. of Higher Educ.*, 220 F.3d 1165, 1170 (9th Cir.2000) (citations and internal quotation marks omitted), as well as our obligation to abide by that court's determination of the state law questions presented, *id.*

## THE CONTENT–BASED CHALLENGE

In a letter filed by appellee Warner pursuant to Fed. R.App. P. 28(j) just prior to oral argument, we were informed that five cases involving a challenge to the provision of the OMIA "that distinguishes between signs that advertise on-premises activities and those that advertise off-premises activities" under Article I, section 8 of the Oregon Constitution, *Outdoor Media Dimensions, Inc. v. Driver & Motor Vehicle Serv. Branch*, 184 Or.App. 495, 496, 56 P.3d 935, 936 (2002) (Landau, P.J., concurring), are now pending before the Oregon Supreme Court, *id.*, *review allowed*, 335 Or. 504, 72 P.3d 636 (2003).[3] Because of the possibility that the decision of the Oregon Supreme Court in these cases addressing the Oregon state

**3.** The other four cases are *Outdoor Media Dimensions, Inc. v. Dep't of Transp.*, 187 Or. App. 503, 68 P.3d 274 (aff'd without opinion), *review allowed*, 335 Or. 578, 74 P.3d 112 (2003); *Outdoor Media Dimensions, Inc. v. Dep't of Transp.*, 185 Or.App. 161, 57 P.3d 970 (2002) (per curiam), *review allowed*, 335 Or. 504, 72 P.3d 636 (2003); *Outdoor Media Dimensions, Inc. v. Driver & Motor Vehicle Serv. Branch*, 184 Or.App. 502, 56 P.3d 935 (2002) (per curiam), *review allowed*, 335 Or. 504, 72 P.3d 636 (2003); and *Outdoor Media Dimensions, Inc. v. Driver & Motor Vehicle Serv. Branch*, 184 Or.App. 501, 56 P.3d 522 (2002) (per curiam), *review allowed*, 335 Or. 504, 72 P.3d 636 (2003).

constitutional challenge could obviate the need to reach the federal constitutional issue in our case, we vacate submission of this case for decision, pending the decision of the Oregon Supreme Court in the *Outdoor Media Dimensions* cases.

## CONCLUSION

The Clerk shall forward a certified copy of this certification order, signed by the Chief Judge, to the Oregon Supreme Court accompanied by a copy of this court's docket of this case, pursuant to Ore. R.App. Proc. 12.20(1)(b). Submission of this case for decision is vacated and deferred pending: (1) the Oregon Supreme Court's final response to this certification order; and (2) that Court's decision in the *Outdoor Media Dimensions* cases.

FERGUSON, Circuit Judge, dissenting.

I must respectfully dissent from the Certification Order for the reason that the Order requests the Oregon Supreme Court to answer questions based on mere speculation.

The District Court held that the plaintiff ("Lombardo") lacks standing to raise an as-applied challenge against the variance provision of the OMIA. It is clear that he does not have standing. Lombardo admits that he has not applied for a variance. He alleges nothing in his amended complaint that shows that it would be futile to apply for a variance. The variance provision is concerned only with the size and permanency of signs and specifically not with the sign's message. There is no censorship.

With regard to his due process claim, Lombardo contends that the variance provision is unconstitutional because it lacks adequate safeguards necessary to guard against the suppression of protected speech. Again, the statute specifically states that the content of a sign cannot be considered in deciding whether to grant a variance.

Variances are granted or denied on the basis of specific fact situations that cannot possibly be enumerated in the variances themselves. This matter has been pending before the federal courts for over six years. Some variance applications may take as long as the courts have. It is possible that the Oregon authorities may delay a variance decision for such a long time that due process is violated, but we can never determine that until we know all the facts.

We should not burden the Oregon Supreme Court with academic questions.