Argued and submitted June 22, 2005, certified questions answered March 23, 2006

James LOMBARDO,
*Plaintiff,*

*v.*

Bruce A. WARNER,
in his official capacity as
Director of the Department of Transportation,
*Defendant.*

(CV 98-03001-MRH; US Ninth Circuit 02-35269;
SC S51989)

132 P3d 22

Alan R. Herson, Jacksonville, filed the brief and argued the cause for plaintiff.

Janet A. Metcalf, Assistant Attorney General, Salem, filed the brief and argued the cause for defendant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Carson, Chief Justice,* and Gillette, Durham, Riggs, De Muniz,** Balmer, and Kistler, Justices.

---

\* Chief Justice when case was argued.

\*\* Chief Justice when decision was rendered.

BALMER, J.

**BALMER, J.**

This case is before the court on certified questions of Oregon law from the United States Court of Appeals for the Ninth Circuit under ORS 28.200 to 28.255 and ORAP 12.20. *See generally Western Helicopter Services v. Rogerson Aircraft*, 311 Or 361, 811 P2d 627 (1991) (discussing factors that court considers in exercising discretion to accept certified questions). The certified questions ask us to interpret the provisions for obtaining a variance under the Oregon Motorist Information Act (OMIA), ORS 377.700 to 377.840, from otherwise applicable restrictions on the display of temporary signs visible from public highways.[1]

As we describe in *Outdoor Media Dimensions v. Dept. of Transportation*, 340 Or 275, 132 P3d 5 (2006), the OMIA regulates signs that are visible from public highways by, among other things, requiring permits for certain signs. The OMIA makes several exceptions to that permit requirement, including the exception for "on-premises" signs that is at issue in *Outdoor Media*. At issue in this case is a different exception to the permit requirement, one that allows "temporary signs on private property," which the OMIA defines as signs that "do[ ] not exceed 12 square feet," that are "not on a permanent base," that are not displayed for compensation, and, for signs not erected by a resident on his or her own property, that do not remain in place for more than 60 days in a calendar year. ORS 377.735(1)(b). ORS 377.735(2) permits the Department of Transportation (department) to grant a variance "for good cause shown" to allow a person to display, without a permit, a temporary sign that does not meet the statutory requirements. The certified questions concern that variance provision.

We take the facts from the Ninth Circuit certification order. Plaintiff, who lives on property adjacent to a public highway, wishes to display a 32-square-foot sign reading "For Peace in the Gulf" on his property. He challenged the

---

[1] The certified questions do not indicate which version of the OMIA is at issue in the federal case. We refer to the 2003 version, which appears consistent with the allegations in plaintiff's complaint, the passages quoted in the Ninth Circuit's certification order, and the parties' briefs.

variance provision of ORS 377.735(2), arguing that it violates the First Amendment because it allows state officials "unbridled discretion" to grant or deny a variance and because, in plaintiff's view, it does not limit the time within which state officials must respond to a variance application.

The federal district court dismissed plaintiff's claims, holding, in part, that plaintiff had no standing to bring his as-applied challenge because he never had applied for a variance. Plaintiff appealed, and a divided three-judge panel of the Ninth Circuit affirmed, rejecting plaintiff's claims on the merits. *Lombardo v. Warner*, 353 F3d 774 (9th Cir 2003). Plaintiff then requested rehearing en banc, which the court granted, withdrawing the panel opinion. *Lombardo v. Warner*, 371 F3d 538 (9th Cir 2004). On rehearing, the court certified two questions of law to this court and "vacated and deferred" submission of its case for decision pending our response to the certified questions and our decision in *Outdoor Media*, which was then under advisement. *Lombardo v. Warner*, 391 F3d 1008, 1010-11 (2004). The Ninth Circuit Court certified the following two questions of law:[2]

> "1. What is the meaning of the phrase 'for good cause shown,' as it appears in [ORS] 377.735(2) [of the] OMIA? Is the interpretation and application of that phrase entirely within the discretion of the Department? Does the Department's regulation, [OAR] 734-060-0175(2), limit the Department's discretion in applying the 'for good cause shown' provision? Does Oregon law otherwise limit the Department's discretion in interpreting and applying the phrase?

> "2. The OMIA does not contain any explicit time limitation on the Department's acting on an application for a variance under [ORS] 377.735(2). When a statute, such as [ORS] 377.735(2), contains no explicit time limitation within which an agency must act, does Oregon law otherwise supply any time limitation on such action?"

---

[2] Judge Ferguson dissented from the certification order, noting that plaintiff had not applied for a variance and that variances, in any event, "are granted or denied on the basis of specific fact situations." For that reason, he concluded that the certified questions were "academic" and based on "mere speculation." *Lombardo*, 391 F3d at 1011.

*Id.* at 1010. We accepted certification of those questions.

We first emphasize that our limited task in this case is to answer the certified questions, which relate only to the provision in ORS 377.735(2) that allows the department to grant variances for good cause shown from the otherwise applicable requirements regarding temporary highway signs. Thus, our answers in this case do not implicate exceptions to the OMIA's permit requirement other than the exception for temporary signs, and we express no opinion as to whether plaintiff's sign may come within any other exception. *See Outdoor Media*, 340 Or at 293 (noting argument that "Pray for Peace" sign on residential lot may come within "on-premises" exception to permit requirement, ORS 377.735(1)(c), but declining to decide that issue because petitioner's case did not present it). Moreover, we hold today in *Outdoor Media* that the OMIA violates Article I, section 8, of the Oregon Constitution because it requires permits for certain signs, but not for other signs, based solely on the content of the message on the sign. Accordingly, in *Outdoor Media*, we have stricken the OMIA's permit requirement for outdoor advertising signs. *Id.* at 302. However, here we are not asked to, nor do we, express any opinion as to the applicability of that holding to plaintiff's sign in this case.

## FIRST CERTIFIED QUESTION

■    The first certified question consists of four subparts that ask us to describe the breadth of the department's discretion in granting a variance. As noted previously, ORS 377.735(2) describes the standard for granting a variance. It provides:

> "The Department of Transportation may adopt rules that, for good cause shown, allow a person displaying a temporary sign to obtain a variance from the restrictions in subsection (1)(b) of this section. The department shall not consider the content of the sign in deciding whether to allow a variance."

A department rule interprets ORS 377.735(2) as that statute relates to variances for temporary signs that exceed the 12-square-foot limit. It provides:

"Overall size shall not exceed 12 square feet. However, a person wishing to erect a temporary sign that exceeds 12 square feet may apply to the Department's Outdoor Advertising Control Office for a variance from the 12 square foot restriction. The Department may grant the variance for good cause shown. Good cause may include a showing that the content of the sign will not be visible to the public if the sign is 12 square feet or less, or a showing of hardship caused by the inability to use a previously-manufactured sign that complies with former size restrictions for temporary signs. A variance will not allow a sign that exceeds 32 square feet."

OAR 734-060-0175(2).

As far as we can tell from the record, the only aspect of plaintiff's temporary sign that would require him to seek a variance is the size: His sign is 32 square feet, and ORS 377.735(1)(b)(A) limits the size of temporary signs to 12 square feet unless the owner obtains a variance.

■ The four parts of the first certified question ask us to explain the meaning of the phrase "for good cause shown" as used in ORS 377.735(2). This court has held that the phrase "good cause" is a "delegative" term that " 'calls for [the agency to] complet[e] a value judgment that the legislature itself has only indicated.' " *Springfield Education Assn. v. School Dist.*, 290 Or 217, 228, 621 P2d 547 (1980) (quoting *McPherson v. Employment Division*, 285 Or 541, 550, 591 P2d 1381 (1979)). Oregon courts review an agency's application of a delegative term to determine whether the agency's action was within the scope of the authority conferred by the statute. *Springfield*, 290 Or at 229; *see also* ORS 183.482(8)(b) (providing for remand when agency action is outside its delegated discretion; inconsistent with agency rule, position, or practice; or otherwise in violation of constitutional or statutory provision).

Here, ORS 377.735 provides context for determining the scope of the legislative delegation to the department to decide when "good cause" has been shown to grant a particular variance request. First, ORS 377.735(1) contains the standards that govern temporary signs for which no variance is required. As we described earlier, those standards require that temporary signs be no larger than 12 square feet, that

they not have a permanent base, that they not be displayed for compensation, and that—except for signs erected by a resident on residential property—they be displayed for no more than 60 days a year. Taken together, those standards indicate the legislature's intent to allow signs that are truly temporary and that are limited in size, presumably for safety and aesthetic reasons. *See* ORS 377.705 (policy of OMIA includes promoting public safety and preserving natural beauty of state highways). Because the department must consider and advance that legislative policy in determining what constitutes "good cause," that policy limits the department's discretion in granting a variance. For example, it is unlikely that, considering the stated legislative policy, the department reasonably could grant a variance to display a 300-square-foot sign. Such a variance would be so at odds with the legislative policy allowing temporary signs that, absent extraordinary justification, it likely would not be within the scope of the department's authority.[3]

Second, ORS 377.735(2) expressly provides that "[t]he department shall not consider the content of the sign in deciding whether to allow a variance." That restriction considerably narrows the scope of the department's authority in granting a variance, eliminating the possibility of censorship by the department. That provision, standing alone, refutes plaintiff's argument that the department has "unbridled discretion" in granting or denying variance requests.

Third, ORS 377.735(2) requires that the good cause be "shown." The word "shown" indicates that the department must make its determination of good cause on the basis of what the applicant demonstrates. That requirement ensures that the applicant will be able to present information in support of its variance request and that the department will base its determination on that information. With that background

---

[3] Our view of the inherent limits on the discretion that the statute grants is mirrored in the examples that the department's rules provide. OAR 734-060-175(2) provides several examples of what the department may determine to be good cause: "a showing that the content of the sign will not be visible to the public if the sign is 12 square feet or less" and "a showing of hardship caused by the inability to use a previously-manufactured sign that complies with former size restrictions for temporary signs."

in mind, we turn to the four parts of the first certified question.

1.  "What is the meaning of the phrase 'for good cause shown,' as it appears in [ORS] 377.735(2)[?]"

"Good cause" is a "[l]egally sufficient ground or reason" that "depends upon [the] circumstances of [the] individual case." *Black's Law Dictionary* 692 (6th ed 1990). In the context of the variance provision for temporary signs, ORS 377.735(2), as discussed above, "good cause shown" means that the party seeking a variance must demonstrate sufficient reason for the department to permit it to display a temporary sign, even though that sign does not meet the requirements of ORS 377.735(1)(b).

2.  "Is the interpretation and application of that phrase entirely within the discretion of the Department?"

No. "For good cause shown" is a delegative term that the agency must apply consistently with the policy choices that the legislature made in enacting the OMIA, some of which we have discussed above. In addition, of course, the agency's discretion is constrained by federal and state constitutional requirements.

3.  "Does the Department's regulation, [OAR] 734-060-0175(2), limit the Department's discretion in applying the 'for good cause shown' provision?"

Yes. The department's discretion in granting a variance is limited, *inter alia*, by the department's own rule. *See* ORS 183.482(8)(b)(B) (remand required on judicial review if agency's exercise of discretion is inconsistent with agency rule). As noted earlier, OAR 734-060-0175(2) provides, in part, that the department will not grant a variance allowing a sign that exceeds 32 square feet. OAR 734-060-0175(4) also provides that temporary signs are "subject to the provisions of ORS 377.720 and to applicable federal requirements." ORS 377.720 describes signs that the OMIA generally prohibits, including signs that interfere with traffic control, distracting signs, and signs that are not well maintained and in good repair. Because the department has limited its own discretion by enacting that rule, it may not disregard the rule while it is in effect.

4. "Does Oregon law otherwise limit the Department's discretion in interpreting and applying the phrase?"

Yes. The department's discretion in granting variances under ORS 377.735(2) also is limited by the state and federal constitutions. *See* ORS 183.482(8)(b)(C) (remand required on judicial review if agency's exercise of discretion violates constitutional provision); *Schatzer v. Dept. of Rev.*, 325 Or 211, 220, 934 P2d 1119 (1997) (where otherwise ambiguous statute may be interpreted in two ways, one constitutional and another unconstitutional, this court applies constitutional interpretation).

## SECOND CERTIFIED QUESTION

■ The second certified question states that ORS 377.735 contains no explicit time limitation within which an agency must act on a request for a variance, and it then asks us to determine whether Oregon law otherwise supplies such a time limitation.

The legislature did not supply an explicit time limitation within which the department must act when granting or denying a variance. However, the Oregon Administrative Procedures Act contains a specific provision that authorizes a party to petition a court for an order "compel[ling] an agency to act where it has * * * *unreasonably* delayed taking action or making a decision." ORS 183.490 (emphasis added). We therefore conclude that the legislature intended that the department act on a request for a variance within a reasonable time.[4]

We note that what is reasonable may not be the same in every instance. A variance for a sign advertising an event to take place on the upcoming weekend may require a quicker response from the department than a sign advertising an event several months in the future. In each instance, the department and any court reviewing the department's action (or inaction) must determine what is reasonable by considering whether the department's action was timely

---

[4] In holding that ORS 183.490 provides a "reasonable" time requirement, we note that the department may adopt a rule that would supply a more specific time limitation, as long as that limitation is a reasonable one. *See* ORS 377.735(2) (allowing department to make rules regarding variance requests).

enough to allow the person seeking a variance to obtain a determination in time to make the display of the sign meaningful, consistently with the orderly processing of variance requests.

■    In answer to the second certified question, we conclude that Oregon law requires the department to respond to a variance request under ORS 377.735(2) within a reasonable time and that an applicant for a variance may seek judicial review if the department fails to act on a variance request within that time.

Certified questions answered.