**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAMES LOMBARDO,
             *Plaintiff-Appellant,*

v.

BRUCE WARNER, in his official
capacity as Director of the Oregon
Department of Transportation,
             *Defendant-Appellee.*

No. 02-35269

D.C. No.
CV-98-03001-
MRH(JPC)
District of
Oregon, Medford

ORDER

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted En Banc
October 12, 2004—San Francisco, California

Filed March 5, 2007

Before: Mary M. Schroeder, Chief Circuit Judge,
Warren J. Ferguson, Andrew J. Kleinfeld,
A. Wallace Tashima, Sidney R. Thomas,
M. Margaret McKeown, Kim McLane Wardlaw,
Raymond C. Fisher, Marsha S. Berzon, Richard R. Clifton,
and Jay S. Bybee, Circuit Judges.

---

## COUNSEL

Alan R. Herson, Jacksonville, Oregon, for the plaintiff-
appellant.

Hardy Myers, Attorney General; Mary H. Williams, Solicitor
General; Janet A. Metcalf, Assistant Attorney General, Salem,
Oregon, for the defendant-appellee.

## ORDER

After we took this case en banc, *Lombardo v. Warner*, 371 F.3d 538 (9th Cir. 2004), and after oral argument before the en banc panel, we certified two questions to the Oregon Supreme Court, *see Lombardo v. Warner*, 391 F.3d 1008 (9th Cir. 2004). On March 23, 2006, the Oregon Supreme Court addressed the certified questions in *Lombardo v. Warner*, 132 P.3d 22 (Or. 2006). On the same day, the Oregon Supreme Court also issued a decision in *Outdoor Media Dimensions, Inc. v. Department of Transportation*, 132 P.3d 5 (Or. 2006) ("*Outdoor Media*"). The remedy imposed in *Outdoor Media* renders Lombardo's claims moot, and we now dismiss his appeal.

## Background

The factual history of this case is detailed in our certification order. *Lombardo*, 391 F.3d at 1008-09. In brief, Lombardo wished to display at his residence a 32-square-foot sign reading "For Peace in the Gulf," but he could not do so without first obtaining a variance from the temporary sign restriction under the 1999 version of the Oregon Motorist Information Act of 1971 ("OMIA"). Lombardo sought declaratory and injunctive relief, alleging that (1) the OMIA is an impermissible content-based regulation because it favors commercial over non-commercial speech; and (2) the OMIA's variance provision is an unconstitutional prior restraint on speech. He challenged the variance provision on First Amendment grounds because, in his view, the provision gives state officials "unbridled discretion" and no time limit to rule on a variance.

Of relevance to Lombardo's underlying claims are the following provisions in the OMIA: The OMIA imposes a permit requirement on "outdoor advertising signs."[1] ORS 377.725(1).

---

[1] An "outdoor advertising sign" is defined as a "sign designed, intended or used to advertise, inform or attract the attention of the public as to: (a)

Under OMIA, certain signs are exempt from the permit requirement. For example, "on-premises signs"[2] are exempt. *See* ORS 377.735(1)(c). "Temporary signs" are also exempt from the permit requirement if they meet certain conditions, including a size limitation; specifically, § 377.735(1)(b) states in part: "A temporary sign on private property [is exempt] if . . . [t]he sign does not exceed 12 square feet." Persons wishing to display a temporary sign that does not satisfy the conditions set forth in § 377.735(1)(b) are subject to the variance provision in § 377.735(2), which states in part: "The Department of Transportation may adopt rules that, for good cause shown, allow a person displaying a temporary sign to obtain a variance from the restrictions in subsection (1)(b) of this section."

Because Lombardo's sign exceeded the 12-square-feet size limitation for temporary signs, he was required to obtain a variance from the temporary sign restriction. Lombardo's constitutional challenge focuses on the variance process, a step that would not have been required if he were displaying an on-premises sign.

### OUTDOOR MEDIA

In *Outdoor Media*, an outdoor advertising company brought suit challenging the OMIA's on-premises/off-premises distinction with respect to the permit requirement.

---

Goods, products or services which are not sold, manufactured or distributed on or from the premises on which the sign is located; (b) Facilities not located on the premises on which the sign is located; or (c) Activities not conducted on the premises on which the sign is located." ORS 377.710(23).

[2]An "on-premises sign" is defined as a "sign designed, intended or used to advertise, inform or attract the attention of the public as to: (a) Activities conducted on the premises on which the sign is located; or (b) The sale or lease of the premises on which the sign is located." ORS 377.710(22).

132 P.3d at 10. The Oregon Supreme Court concluded that "the OMIA's on-premises/off-premises distinction—more particularly, the exemption from the OMIA's permit and fee requirements for on-premises signs, ORS 377.735(1)(c)—is, on its face, an impermissible restriction on the content of speech." 132 P.3d at 18. Thus, the Oregon Supreme Court held that the distinction was a violation of Article I, § 8 of the Oregon Constitution. *Id.* The specific remedy imposed by the Oregon Supreme Court was "to strike from the OMIA the permit and fee requirements for outdoor advertising signs, ORS 377.725(1)." *Id.* at 19.[3]

Section 377.725(1) provides: "Unless an annual permit has been issued therefor, an outdoor advertising sign or a directional sign shall not be erected, maintained or replaced by any person." As noted, § 377.710(23) defines an "outdoor advertising sign" as a sign that advertises off-premises goods, products, services, facilities, or activities. This definition is broad and does not make a distinction between permanent and temporary signs. Thus, a temporary off-premises sign (such as Lombardo's) easily falls within the definition of an "outdoor advertising sign."

In striking § 377.725(1) from the statute, the Oregon Supreme Court eliminated the permit requirement for *all* outdoor advertising signs, which, by definition, includes temporary off-premises signs. A logical consequence of this remedy is that § 377.735(1)(b) (providing an exemption from the permit requirement for temporary signs) is now surplusage with respect to temporary "outdoor advertising signs." If no permit is required, then the exemption provision is unnecessary. It follows then that the variance provision (§ 377.735(2)),[4]

---

[3]We recognize that the Oregon legislature may amend the statute, although it has not yet done so. In such a case, it is not unlikely that the OMIA will be before the federal courts in another incarnation. But we leave that prospect for another day as the present case is moot.

[4]The certified questions related to the details of the variance provision. In certifying these questions, we could not have anticipated that the Oregon Supreme Court would concurrently issue another opinion that dramatically changed the structure of the OMIA.

which allows for a variance from the temporary sign restriction in § 377.735(1)(b), becomes moot as to the temporary "outdoor advertising signs." As a matter of common sense, if there is no permit requirement, there is no need for an exemption from that requirement, and no need for a variance from the exemption. *See City of Auburn v. United States*, 154 F.3d 1025, 1028 n.5 (9th Cir. 1998) (noting that appeal should be dismissed when an intervening decision renders a case moot).

## CONCLUSION

For the foregoing reasons, we conclude that Lombardo's claims are now moot under the remedy imposed by *Outdoor Media*. Accordingly, the appeal is **DISMISSED.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.