FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEAN MARIE HOWELL,<br>   *Plaintiff-Appellee,*<br><br>v.<br><br>CHRISTOPHER DAVID BOYLE and<br>CITY OF BEAVERTON,<br>   *Defendants-Appellants.* | No. 09-36153<br><br>D.C. No.<br>3:08-cv-00727-KI<br>District of Oregon,<br>Portland<br><br>ORDER<br>CERTIFYING<br>QUESTIONS TO<br>THE SUPREME<br>COURT OF<br>OREGON |

Filed January 14, 2011

Before: Richard A. Paez and Richard R. Clifton,
Circuit Judges, and Larry A. Burns,* District Judge.

---

## ORDER

Plaintiff Jean Howell filed suit in the United States District Court for the District of Oregon against Defendants Christopher Boyle and his employer, the City of Beaverton, Oregon (the City). Howell sought damages for injuries she sustained when Boyle, a police officer for the City, struck her with his police cruiser as she walked across a highway. At trial, the jury found that Howell and Boyle were each negligent and 50 percent responsible for the accident. After the district court reduced the jury's award under Oregon's comparative negli-

---

*The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

gence law, it awarded Howell $507,500 in damages. Boyle and the City asked the district court to cap damages at $200,000 under the Oregon Tort Claims Act (the OTCA), Or. Rev. Stat. section 30.270(1) (2007), *repealed by* Or. Laws 2009, c. 67, § 20.[1] The district court ruled that the OTCA damages cap was unconstitutional as applied to the case under the remedy clause in Oregon's constitution, Or. Const. art. I, § 10, and declined to reduce Howell's damages.

On appeal, Boyle and the City seek reversal of the district court's ruling on the constitutionality of the OTCA damages cap as applied in this case. First, they argue that Howell's action is not protected by the remedy clause because her contributory negligence would have completely barred recovery of damages at common law. Second, they argue that, even if her action is protected by the remedy clause, $200,000 is a constitutionally adequate substitute remedy for Howell's damage award of $507,500.

Defendants' arguments raise important questions of Oregon constitutional law that are unresolved by previous decisions of the Supreme Court or intermediate appellate courts of Oregon. *See* Or. Rev. Stat. § 28.200 (providing authority to Supreme Court of Oregon to decide questions of law certified by a United States Court of Appeals). Because these constitutional questions will be determinative of the case before us, we respectfully certify several questions to the Oregon Supreme Court. *See id*. We offer the following statement of "facts relevant to the questions certified" and an explanation

---

[1]Former Or. Rev. Stat. section 30.270 (2007), *repealed by* Or. Laws 2009, c. 67, § 20, in effect when the injury to Howell occurred, capped recovery against the public body at $100,000 in economic damages and $100,000 in non-economic damages. Effective July 1, 2009, the Oregon Legislature increased the cap for a single claim against an employee of a local public body to $500,000, with increases in the liability limit each year thereafter. *See* Or. Rev. Stat. § 30.272. This new raised liability limit is inapplicable to this case because Howell's accident occurred on February 9, 2007, before the new limit took effect.

of "the nature of the controversy in which the questions arose." Or. Rev. Stat. § 28.210.

## I.  Factual and Procedural History

A patrol car driven by Officer Boyle struck Howell, a resident of Washington, as she walked across Tualatin Valley Highway in Beaverton, Oregon on February 9, 2007. Howell suffered a number of serious injuries that required hospitalization at considerable expense. She brought a diversity action in the District of Oregon against Boyle and the City seeking economic damages of $4,779,529 and non-economic damages of $1,000,000.

In their answer and in their trial brief, the defendants asserted that, under the OTCA, Howell's only action was against the City, and asked the court to dismiss the claims against Boyle.[2] The defendants also asserted that the OTCA limited Howell's potential recovery to $200,000. Citing *Clarke v. Or. Health Scis. Univ.*, 175 P.3d 418 (Or. 2007), the district court refused to dismiss the claims against Boyle or cap damages under the OTCA because it concluded that the $200,000 damages cap would be an unconstitutional emasculated remedy in light of the nearly $6 million in damages that Howell sought.

At trial, both sides alleged that the other was negligent. Officer Boyle admitted that he did not see Howell until he struck her, but argued that Boyle was negligent in crossing the

---

[2]Or. Rev. Stat. section 30.265(1) provides that "every public body is subject to action or suit for its torts and those of its officers, employees and agents acting within the scope of their employment or duties," and that such an action "is exclusive of any other action or suit against any such officer, employee or agent." The statute further requires that "[i]f an action or suit is filed against an officer, employee or agent of a public body, on appropriate motion the public body shall be substituted as the only defendant."

highway in front of traffic.[3] The jury found that Howell and Boyle were each negligent and 50 percent responsible for the damages suffered by Howell. The jury also found that Howell suffered economic damages of $765,000 and non-economic damages of $250,000. The district court reduced the jury award according to Oregon's comparative negligence statute, Or. Rev. Stat. § 31.600(1), and awarded Howell a total of $507,500.

Boyle and the City filed post-trial motions to amend the judgment and to impose the $200,000 OTCA damages cap. Although the $507,500 award was significantly less than nearly $6 million Howell had originally sought, the district court again ruled that the capped damages would be an unconstitutional emasculated remedy. The district court was persuaded in part by the fact that the capped damages represented less than one-half of the amount of medical expenses that Howell had already incurred at the time of the judgment. Boyle and the City timely appealed.

## II.  Questions Raised on Appeal

Although none of the parties expressly raised the issue before the district court and the court never directly addressed it, the court's ruling on the constitutionality of the OTCA

---

[3]Boyle's argument was based on the fact that Howell was crossing the highway outside an 'unmarked crosswalk' as defined by Or. Rev. Stat. section 801.220. Howell disputed the district court's interpretation of section 801.220, which placed her outside the crosswalk at the time of the accident. In a related cross-appeal, No. 10-35038, Howell challenged the district court's interpretation of section 801.220 as reflected in an exhibit provided to the jury and the court's jury instruction that the exhibit reflected the location of the unmarked crosswalk. In a separate memorandum disposition filed concurrently with this order, we affirmed the district court's ruling on the interpretation of section 801.220 and the location of the crosswalk. With the resolution of this issue, the only remaining issue on appeal is whether the district court erred in its application of Oregon's remedy clause when it rejected the limitation on Howell's damages as required by the OTCA.

damages cap was based on an understanding that the remedy clause protected Howell's negligence action. The Oregon Supreme Court has said that claims are protected under the remedy clause when they allege an injury to absolute common law rights as those rights existed at the time Oregon ratified its constitution in 1857. *Smothers v. Gresham Transfer, Inc.*, 23 P.3d 333, 353 (Or. 2001). On appeal, the parties dispute whether Howell's action is protected by the remedy clause because they disagree on whether Howell's suit would have been successful at common law.

Boyle and the City argue that Howell would not have recovered at common law because Howell's contributory negligence would have completely barred recovery of any damages. *See Lawson v. Hoke*, 119 P.3d 210, 214 (Or. 2005) ("[I]n the early years of this state's history, a plaintiff's contributory negligence was an absolute bar to recovery for the negligent acts of another."). Howell counters that in spite of her own negligence, she would have recovered at common law because: 1) Boyle had the 'last clear chance' to avoid the accident; 2) Boyle was grossly negligent; and 3) her actions were the result of Boyle placing her in a position of certain peril (the emergency defense).

We are capable of applying these common law rules to the facts of this case, but we are not confident how they should be considered in resolving the constitutional questions presented. Howell and the City cite *Lawson* in support of their argument that, because the jury found Howell negligent, her claim would have been barred at common law under the doctrine of contributory negligence and is therefore not protected by the remedy clause. In *Lawson*, the court held that a statute precluding an award of civil damages to injured drivers who failed to obtain compulsory auto insurance was not unconstitutional because "it was not unfamiliar to the common law of the mid-nineteenth century for courts to deny a remedy for negligence to a plaintiff who was in violation of positive statutory law when the accident occurred." 119 P.3d at 215. In

explaining its ruling, the court noted that contributory negligence would have barred recovery at common law as an example "illustrat[ing] that the right to bring an action at common law could be limited." *Id*. at 214. On the one hand, it is tempting to read this statement as indicating that, because contributory negligence would have completely barred recovery at common law, there is no constitutional barrier to capping damages where the plaintiff is found to have been contributorily negligent in a modern-day lawsuit. On the other hand, the OTCA damages cap has nothing to do with contributory negligence. Thus, unlike the statute in *Lawson*, the statutory cap on damages at issue in this case cannot be neatly matched with similar laws that existed at common law. Adding further ambiguity, we find no guidance in the Oregon case law on how the common law defenses to contributory negligence raised by Howell affect the determination of whether her action is constitutionally protected.

If Howell's action is protected, the parties also dispute whether $200,000 is an unconstitutional emasculated remedy. The Oregon Supreme Court has stated that a statutory substituted remedy is constitutionally permissible so long as it is not an 'emasculated' version of the remedy that was available at common law. *Clarke*, 175 P.3d at 432; *Smothers*, 23 P.3d at 354. The Court, however, has not provided a quantitative formula for determining when a remedy is so reduced as to render it constitutionally inadequate. In *Clarke*, the court held that the OTCA damages cap of $200,000 was unconstitutional where the plaintiff would have recovered $17 million at common law. 175 P.3d at 433. In *Ackerman v. OHSU Med. Grp.*, 227 P.3d 744 (Or. App. 2010), the Oregon Court of Appeals held that the $200,000 OTCA damages cap against one defendant was unconstitutional where the plaintiff would have recovered $1,212,000 at common law.[4] The court announced

---

[4]An Oregon Court of Appeals' announcement of a rule of law "is a datum for ascertaining state law which we may not omit unless we are

a list of factors in *Ackerman* that a court should consider, the first and most important being the disparity between the capped damages and the damages that a plaintiff would have received at common law. *Id.* at 756-57. Despite this guidance, we cannot confidently advance past the first step of the *Ackerman* rule. Just as with the first constitutional question, we are unsure how Howell's contributory negligence and her potential common law defenses affect the application of the *Ackerman* factors.

III.   Questions Certified

Accordingly, we respectfully certify the following questions to the Oregon Supreme Court:

1.   Is Howell's negligence action constitutionally protected under the Oregon constitution's remedy clause, Or. Const. art. I, § 10, irrespective of the jury's finding of comparative negligence? To what extent, if any, do the common law defenses to contributory negligence of last clear chance, the emergency doctrine, and gross negligence effect this determination?

2.   If Howell's action is protected, is $200,000 an unconstitutional emasculated remedy despite the jury's finding of comparative negligence? To what extent, if any, do the common law defenses to contributory negligence of last clear chance, the emergency doctrine, and gross negligence effect this determination?

---

convinced by other persuasive data that the highest court of the state would decide otherwise." *See Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1125 (9th Cir. 2008) (internal quotation marks omitted). We find nothing in *Ackerman* or any other case from the Oregon Supreme Court or Court of Appeals that suggests the Oregon Supreme Court would reject its reasoning, so we consider it controlling authority.

We respectfully ask the Oregon Supreme Court to exercise its discretionary authority to accept and decide these questions. Our phrasing of the questions should not restrict the court's consideration of the issues involved. " 'The court may reformulate the relevant state law questions as it perceives them to be, in light of the contentions of the parties.' " *Doyle v. City of Medford*, 565 F.3d 536, 544 (9th Cir. 2009) (order) (quoting *Toner ex rel. Toner v. Lederle Labs.*, 779 F.2d 1429, 1433 (9th Cir.1986)). We agree to abide by the decision of the Oregon Supreme Court. *See Lombardo v. Warner*, 391 F.3d 1008, 1010 (9th Cir. 2004) (en banc) (order). If the court decides that the questions presented in this case are inappropriate for certification, or if it declines the certification for any other reason, we request that it so state, and we will resolve the question according to our best understanding of Oregon law.

The Clerk of this court shall file a certified copy of this Order with the Oregon Supreme Court under Or. Rev. Stat. section 28.215. This appeal is withdrawn from submission and will be submitted following receipt of the Oregon Supreme Court's opinion on the certified questions or notification that it declines to answer the certified questions. The panel shall retain jurisdiction over further proceedings in this court. The parties shall notify the Clerk of the Ninth Circuit within one week after the Oregon Supreme Court accepts or rejects certification. In the event the Oregon Supreme Court grants certification, the parties shall notify the Clerk within one week after the court renders its Opinion.

CERTIFICATION      REQUESTED;      SUBMISSION VACATED.