**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

RANDALL CHILDRESS;
CLAUDIA CHILDRESS,
    *Plaintiffs-Appellees/*
    *Cross-Appellants*,

v.

COSTCO WHOLESALE
CORPORATION,
    *Defendant-Appellant/*
    *Cross-Appellee.*

Nos. 19-35441
19-35493

D.C. No.
9:18-cv-00183-DWM

ORDER CERTIFYING
QUESTION TO THE
SUPREME COURT OF
MONTANA

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted September 4, 2020
Seattle, Washington

Filed October 19, 2020

Before: Jay S. Bybee and Daniel P. Collins, Circuit Judges,
and James Alan Soto,* District Judge.

Order

---

    * The Honorable James Alan Soto, United States District Judge for
the District of Arizona, sitting by designation.

## SUMMARY[**]

### Certification to Montana Supreme Court

The panel certified to the Montana Supreme Court the following question:

> Whether, under Montana law, parasitic emotional distress damages are available for an underlying negligence claim for personal property damages or loss.

## COUNSEL

Susan Moriarity Miltko (argued) and Tyler C. Smith, Williams Law Firm P.C., Missoula, Montana, for Defendant-Appellant/Cross-Appellee.

Quentin M. Rhoades (argued) and Kristin Bannigan, Rhoades Siefert & Erickson PLLC, Missoula, Montana, for Plaintiffs-Appellees/Cross-Appellants.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

The appeal pending before this Court calls on us to determine whether, under Montana law, so-called parasitic emotional distress damages are available for an underlying negligence claim for personal property damage or loss. This central question of state law is determinative of the instant case, and we find no controlling precedent in the decisions of the Montana Supreme Court. Mont. R. App. P. 15(3). Thus, we respectfully certify this question of law to the Montana Supreme Court pursuant to Rule 15 of the Montana Rules of Appellate Procedure.

As a general matter, "[t]he task of a federal court in a diversity action is to approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum." *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001) (quoting *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980)). If the state's highest appellate court has not decided the question presented, then we must predict how the state's highest court would decide the question. *Id.* However, if state law permits it, we may exercise our discretion to certify a question to the state's highest court. *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). We may elect to certify a question *sua sponte*. *Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 294 F.3d 1085, 1086 (9th Cir. 2002), *certified question answered*, 72 P.3d 151 (Wash. 2003); *see also Lombardo v. Warner*, 391 F.3d 1008 (9th Cir. 2004) (en banc) (certifying question from an en banc court). The Montana Supreme Court permits certification of questions of law from federal courts. Mont. R. App. P. 15(3). "We invoke the certification process only after careful consideration and do not do so lightly." *Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir.

2003).  In deciding whether to exercise our discretion, we consider: (1) whether the question presents "important public policy ramifications" yet unresolved by the state court; (2) whether the issue is new, substantial, and of broad application; (3) the state court's caseload; and (4) "the spirit of comity and federalism."  *Id*. at 1037–38.

Whether parasitic emotional distress damages are available for an underlying negligence claim for personal property damage or loss presents important policy ramifications for Montana that have not yet been resolved by the Montana Supreme Court.  Therefore, after considering these factors, and in the spirit of comity and federalism, we exercise our discretion to certify this question to the Montana Supreme Court.

Pursuant to Montana Rule of Appellate Procedure 15(6), we provide the following information for the consideration of the Montana Supreme Court.

1

We first provide the factual context of this dispute, along with the procedural history.  This case arises from events that occurred on September 23, 2016, when Randall and Claudia Childress ("the Childresses") visited Costco's tire center in Missoula, Montana to have routine work done on their vehicle.  When the work was complete, a Costco employee gave the car keys to a man in the garage bay who claimed to be the Childresses's son.  The man absconded with the vehicle.  The Childresses found their vehicle a short time later, but the contents had been disturbed and some items had been stolen, including a handgun, ammunition, documents containing their home address, and keys to their house.  When Costco denied liability, the Childresses sued.

The Childresses asserted various causes of action against Costco but proceeded to trial only on their claims for bailment and negligence. They presented evidence that Randall suffered post-traumatic stress disorder ("PTSD") following his military service and tours in Vietnam. Randall had successfully treated his symptoms, but the theft exacerbated them, causing stress, paranoia, sleeplessness, fear, adverse appetite, irritability, anger, lack of intimacy, and anxiety. Randall sought therapeutic treatment for his symptoms 17 times. The Childresses also presented evidence that Claudia suffered from stress, sleeplessness, fear, and nightmares.

Near the close of trial, the district court held a conference to discuss jury instructions. Costco moved to exclude any claim for emotional distress damages, arguing that Montana law does not allow for parasitic emotional distress damages arising out of claims for negligent damage to personal property. Over Costco's objection, the district court instructed the jury that if it found for the Childresses on their negligence claim, it "must determine the amount of damages" to compensate the Childresses for any injury caused, including "the mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future." This instruction was modified from the Montana Pattern Jury Instruction 25.02 entitled "Personal Injury (Emotional Distress - Generally)."

The jury concluded that Costco was liable for bailment and negligence. It awarded the Childresses $2,278.43 in property damages on their bailment claim and $62,750 in unspecified, non-property damages on their negligence claim.

2

The Montana Supreme Court has not decided whether parasitic emotional distress damages are available for an underlying negligence claim for personal property damage or loss. Montana law currently recognizes two ways for plaintiffs to recover emotional distress damages: (1) by asserting an independent claim for negligent or intentional infliction of emotional distress; or (2) by claiming emotional distress damages parasitic to an underlying tort claim. In *Sacco v. High Country Independent Press, Inc.*, 271 Mont. 209, 232 (1995), the Montana Supreme Court held that "[a] cause of action for negligent infliction of emotional distress will arise under circumstances where serious or severe emotional distress to the plaintiff was the reasonably foreseeable consequence of the defendant's negligent act or omission." *Id*. The court defined serious or severe emotional distress as distress "so severe that no reasonable [person] could be expected to endure it." *Id*. at 234. *Sacco* tasked trial courts with determining, as a threshold issue, whether the evidence in a given case could support a claim of serious or severe emotional distress. *Id*. at 232–33.

Subsequently, in *Jacobsen v. Allstate Insurance Company*, the Montana Supreme Court established that *Sacco*'s heightened standard does not apply to parasitic emotional distress claims:

> We therefore hold that the "serious or severe" standard announced in *Sacco* applies only to independent claims of negligent or intentional infliction of emotional distress. To the extent our earlier cases, including *First Bank, Johnson,* and *Noonan,* suggest that a plaintiff must make a threshold showing of serious or severe emotional

distress before a claim for parasitic emotional distress damages is allowed to go to the jury, we overrule those decisions. As for emotional distress that is claimed as an element of damage for an underlying tort claim (parasitic emotional distress damages), we hereby explicitly adopt the standard set forth in the Montana Pattern Jury Instruction (M.P.I.2d 25.02, 15.01–03), cited in *Lorang,* and set forth above.

351 Mont. 464, 483 (2009). The jury instruction the court adopted states, in relevant part, that "[t]he law does not set a definite standard by which to calculate compensation for mental and emotional suffering and distress[,] . . . [but that] [t]he compensation must be just and reasonable." M.P.I.2d 25.02, 15.01–03.

However, the standard articulated in *Jacobsen* was adopted in the context of an insurance bad faith claim. Indeed, as the *Jacobsen* court noted, Montana law already recognized claims for emotional distress damages in such cases. *Jacobsen*, 351 Mont. at 481 n.3 ("Emotional distress damages are available in the context of insurance bad faith, whether brought under the UTPA or the common law. *See Gibson v. Western Fire Ins. Co.,* 210 Mont. 267, 682 P.2d 725, (1984); *Lorang v. Fortis Ins. Co.,* 2008 MT 252, 345 Mont. 12, 192 P.3d 186."). The Montana Supreme Court has also recognized parasitic emotional distress damages in the context of discrimination, *Vortex Fishing Sys., Inc. v. Foss*, 308 Mont. 8, 15-16 (2001), and the loss and enjoyment of real property, *Maloney v. Home and Inv. Ctr., Inc.*, 298 Mont. 213, 233 (2000). But it is unclear whether *Jacobsen*'s standard for the recovery of parasitic emotional distress applies to all tort claims, or only to the specific

subset of cases in which the Montana Supreme Court has already recognized the availability of such damages based on the nature of the claims and/or underlying policies. *See, e.g.*, *Vortex*, 308 Mont. at 16 ("Because of the broad remunerative purpose of the civil rights laws, the tort standard for awarding damages [for independent actions for emotional distress] should not be applied to civil rights actions" (internal quotation omitted)). Further, it is not clear whether Montana law recognizes a distinction between emotional distress claims arising from personal property and those arising from real property. *See* Restatement (Third) of Torts: Physical and Emotional Harm § 47 cmt. m. (Am. Law Ins. 2020) ("Recovery for emotional harm resulting from negligently caused harm to personal property is not permitted under this Section.").

3

In light of the foregoing, we respectfully certify the following question to the Montana Supreme Court:

> Whether, under Montana law, parasitic emotional distress damages are available for an underlying negligence claim for personal property damage or loss?

We acknowledge that, as the receiving court, the Montana Supreme Court may reformulate the certified question. Mont. R. App. P. 15(6)(a)(iii).

The names and addresses of counsel for the parties, as required by Mont. R. App. P. 15(6)(a)(iv), are as follows:

Quentin M. Rhoades and Kristin Bannigan
Rhoades, Siefert & Erickson, P.L.L.C.
430 N. Ryman, 2nd Floor
Missoula, MT 59802
for Plaintiffs-Appellees/Appellants

Susan Moriarity Miltko and Tyler C. Smith
Williams Law Firm, P.C.
235 E. Pine, P.O. Box 9440
Missoula, MT 59807-9440
for Defendant-Appellant/Appellee

4

The Clerk shall forward a certified copy of this certification order, under official seal, to the Montana Supreme Court. The Clerk is also ordered to transmit a copy of the Excerpts of Record filed in this appeal to the Montana Supreme Court and, if requested by the Montana Supreme Court, provide all or part of the district court record not included in the Excerpts of Record. Mont. R. App. P. 15(5). The Clerk is further directed to forward a copy of the briefs filed by the parties. Submission of this appeal for decision is vacated and deferred pending the Montana Supreme Court's final response to this certification order. The Clerk is directed to administratively close this docket, pending further order. The parties shall notify the Clerk of this court within fourteen days of the Montana Supreme Court's acceptance or rejection of certification, and again, if certification is accepted, within fourteen days of the Montana Supreme Court's issuance of a decision.

**QUESTION CERTIFIED; PROCEEDINGS STAYED.**